## SHERMAN HANDLIN, Appellant, v. EDWIN BUR-CHETT.

### Division One, February 20, 1917.

1. **LIMITATION: Cause Originating in Other State.** A cause of action originating in another State if barred in that State when instituted in this State, is by our statute (Sec. 1895, R. S. 1909) barred in this State.

2. ———: ———: **Tolling Statute: Commencement of Action.** Where the Iowa statute provides that the limitation for actions shall be extended in favor of minors, "so that they shall have one year from and after the termination of such disability within which to commence said action," the right to institute a suit cannot be confined to commence one suit only, but the minor may institute and dismiss and reinstitute his suit as many times as he sees fit within the limitation fixed by the tolling statute, which declares that "if, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall be held a continuation of the first." The second action is declared to be continuation of the first in order to extend the limitation statute by which it would otherwise be barred.

3. ———: ———: **Minor's Suit: Case Stated.** The cause of action originated in Iowa. where both plaintiff and defendant resided. On June 5, 1908, plaintiff's leg was broken and defendant treated him for the injury. Plaintiff became of age August 14, 1911, and in May, 1912, sued defendant in Iowa for malpractice, and that action was voluntarily dismissed on December 19, 1912. On August 12, 1912, he began this suit in the circuit court of Putnam County, Missouri. The Iowa statute says that such actions shall be brought within two years; that, if plaintiff fails in the first action begun, he may bring a new one within six months thereafter, and "the second shall be held a continuation of the first;" and that "the times limited for actions herein shall be extended in favor of minors, so that they shall have one year from and after the termination of such disability within which to commence said action." *Held*, that this action is not barred.

Appeal from Putnam Circuit Court.—*Hon. George W. Wanamaker*, Judge.

REVERSED AND REMANDED.

*Platt Hubbell, Geo. H. Hubbell* and *John C. McKinley* for appellant.

(1)    Two years is the period of limitations in Iowa for malpractice—except for plaintiff's minority.    Code of Iowa, secs. 3447, 3453; Fadden v. Satterlee, 43 Fed. 568.    Plaintiff has one year after attaining his majority— one year after August 14, 1911—within which to file this suit.    Since plaintiff filed his suit on August 12, 1912, he has brought his suit within the legal time and has a right to maintain his action in Missouri.    Two days before the expiration of the one year, is just as good in law as two months.    Tucker v. Stewart, 147 Iowa, 294. (2)    An action for malpractice is transitory and may be prosecuted any where the defendant can be found. 22 Am. & Eng. Ency. Law, p. 1378; Steed v. Harvey, 18 Utah, 367; Bryant v. McClure, 44 Mo. App. 554; R. S. 1909, sec. 1754.    The Iowa statute of limitations governs. R. S. 1909, sec. 1895.    (3) Filing of the petition, alone, avoids the bar of limitation.    McGrath v. Railroad, 128 Mo. 1; McCormick v. Clopton, 150 Mo. App. 129; Mound City v. Castleman, 187 Fed. 925; R. S. 1909, sec. 1756; State ex rel. Brown v. Wilson, 216 Mo. 292.

*Wade, Dutcher & Davis, N. A. Franklin* and *E. M. Harber* for respondent.

A cause of action for personal injury is barred in two years.    Code of Iowa (1897), sec. 3447.    The plaintiff by voluntarily dismissing his action in Iowa, where the court had jurisdiction, could not recommence it there, and said cause of action ceased to exist anywhere.    Code of Iowa (1897), sec. 3455; McCoy v. Railway, 134 Mo. App. 622.    The voluntary dismissal of the plaintiff's cause of action in Iowa was negligent within the meaning of Sec. 3455, Code of Iowa (1897); Archer v. Railway Co., 65 Iowa, 611.    If the plaintiff had the right to commence his suit in Missouri at the time he did by negligently thereafter dismissing his cause of action in Iowa, he destroyed his cause of action and he cannot have

judgment on a destroyed cause of action in the State of Missouri. Sec. 1895, R. S. 1909.

GRAVES, J.—Plaintiff sues the defendant, a physician, for malpractice. The suit was brought in the Putnam Circuit Court by the filing of a petition on August 12, 1912. For the determination of the single question involved here, a very short statement will suffice. Both plaintiff and defendant are residents of Iowa. On June 5, 1908, when seventeen years old, the plaintiff suffered an injury by way of a fracture of the femur in his right leg. Defendant treated him for that injury. Plaintiff became of age August 14, 1911. In May, 1912, the plaintiff sued the defendant on the same cause of action in the district court of Wayne County, Iowa. By answer the defendant avers, among other things:

"That said cause was continued in said district court of Wayne County, from time to time, until the 19th day of December, 1912, when plaintiff voluntarily and negligently dismissed and failed and refused to prosecute same."

The defendant duly plead the several statutes of Iowa as to limitations for bringing actions in that State and paragraph 3 of section 3447, Statutes of Iowa, 1897, reads:

"Those founded on injuries to the person or reputation, including injuries to relative rights, whether based on contract or tort, or for a statute penalty, within two years; and those brought to set aside a will, within five years from the time the same is filed in the clerk's office for probate and notice thereof is given."

Defendant urges that the only modification of this paragraph 3 of section 3447, is found in section 3455 of said statutes, which reads:

"If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

The defendant urges that by reason of the dismissal of the suit in Iowa, that fact alone finally terminated plaintiff's cause of action, and says that by reason of our statute, section 1895, Revised Statutes 1909, he cannot maintain a suit in this State. Said section 1895, reads:

"Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this State."

By reply plaintiff averred that said section 3455, supra, of the Iowa Code, had no application to his case, because he was a minor, and had one full year after reaching his majority to bring his action, and had this right, irrespective of such section. Plaintiff plead specifically section 3453 of the Iowa Code, reading thus:

"The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and insane persons, so that they shall have one year from and after the termination of such disability within which to commence said action."

Defendant filed motion for judgment on the pleadings and this motion was sustained and judgment entered for defendant. From such judgment the plaintiff brings this appeal.

I. The cause of action having originated in the State of Iowa, if it was barred in that State, when instituted in this State, there can be no recovery by the plaintiff. Our statute, section 1895, Revised Statutes 1909, quoted in the statement of facts, settles this question, and it is not contended otherwise by distinguished counsel for plaintiff. We start our consideration of the case with this question out of the way. Other questions must abide the construction of the Iowa laws.

*Limitations.*

II.   This whole matter turns upon the question as to whether or not under the Iowa laws the plaintiff had a live cause of action, and one which could have been enforced in Iowa, at the time he instituted his suit in Missouri.   If under the Iowa laws he had lost the right of action, in Iowa, prior to August 12, 1912 (the date of filing his suit in Missouri), he has no right of action here.

*Tolling Statutes.*

By the third clause of section 3447, Code of Iowa, 1897, an action for malpractice as to adults is barred in two years.   [Fadden v. Satterlee (Iowa case), 43 Fed. 1. c. 569.]

It is not seriously contended, however, that this statute is not tolled by the provisions of section 3453, in so far as minors and insane persons are concerned.   The clear reading of the law shows that the minor has one full year in which to bring his action after attaining his majority.   This matter does not seem to be seriously disputed by able counsel for the defendant.   They state their position thus:

"Our theory of this statute is that the only right it conferred upon the plaintiff during the year next following his majority was the right to commence his action, and when he commenced his action in Iowa he exhausted every right which the laws of Iowa gave him except the right to prosecute said action so commenced to final determination.   This statute did not confer upon him the right to commence and dismiss his action as many times as he saw fit during the year following his majority."

We regret that we have no express ruling from the Supreme Court of Iowa upon the point urged.   In the absence of such we will have to give our own construction to the statutes.   We do not agree with defendant, that the only right conferred by section 3453 of the Iowa Code is the mere right of *once* instituting the suit.   We have statutes in this State tolling our statutes of limitations.   We have one as to minors, and no one ever thought otherwise than that the minor had the right to institute and reinstitute his suit as many times as he saw

fit, provided of course the suits were within the time granted by the tolling statute. We see no reason why the Iowa statute, section 3453, should not be so construed. The minor might institute his suit the first day after reaching his majority, and afterward voluntarily dismiss it, but he might again bring his suit the last week of the year, and not be barred. Such has been our conception of our own statute, and such is the reasonable construction of the Iowa law. But it is urged that section 3455 of the Iowa Code precluded this construction. That we may have the language before us, we quote again this section. It reads:

"If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall, for the purposes herein contemplated, be held a continuation of the first."

This section is found in the second chapter of the Code of Civil Procedure, and the chapter is entitled, "Of Limitation of Actions." In the chapter are sections prescribing limitations of actions and sections tolling such limitations in given cases.

To our mind this section 3455 is a section further tolling the statute of limitations under certain circumstances, rather than one limiting the time to bring suits. Note its language "the second shall, for the purposes herein contemplated, be held a continuation of the first" suit. Why declare the second suit a continuation of the first, except to make it obviate the statute of limitations, and such tolling as may have been engrafted by other sections?

Let us make it clear by illustration. Suppose A sues B on the last day permissible under the statute of limitations. Then suppose after the full time has run he tries his case, and without negligence on his part, he, to use the language of the statute, "fails therein," then within six months he can reinstitute his suit, and such second suit shall "for the purpose herein contemplated be held a continuation of the first." Why shall it be so

held, save and except to toll or obviate the Statute of Limitations?

If the general Statute of Limitations is tolled for given reasons (in the case at bar on account of minority) the period prescribed in the tolling statute is just as much the time in which actions (of the stated class) may be instituted, as is the period named in the general Statute of Limitations. To make plain our views we further illustrate. Under the general statute of limitations actions for malpractice in Iowa are barred in two years. Minors, however, by the tolling statute, have one year from reaching their majority in which to bring their actions. Now, A, a minor, sues B for malpractice within ten days of the expiration of his 22nd year. The action is tried, and without negligence on his part, he fails of judgment, then section 3455 would step in and give him the right to reinstitute his suit within six months and such reinstituted suit should be deemed as a continuation of the former suit, brought within the time of limitations. In other words, that statute would further toll the statute giving the right to sue within one year after reaching majority. In other words this statute confers additional rights upon those who have not been guilty of negligence in the trial of their cases. If he has been negligent in the prosecution, this further tolling is not granted. It is clear to us that this section 3455 never was intended to preclude the minor's right to bring his action at any time within the year, nor preclude him from dismissing his action, and reinstituting it, provided the new suit was brought within the year. From these views it follows that the judgment *nisi* should be reversed and the cause remanded to be proceeded with in conformity to this opinion. It is so ordered. All concur.