**Wesley McINDOO, Appellant,**

v.

**Harold BURNETT, Appellee.**

**No. 73-1875.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1974.

Decided April 18, 1974.

Lonnie J. Shalton, Kansas City, Mo., filed brief for appellant.

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

Sylvester Powell, Jr., Heilbron & Powell, Kansas City, Mo., filed brief for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

STEPHENSON, Circuit Judge.

The issue for decision in this appeal is whether the Illinois two-year statute of limitations or the Missouri four-year statute of limitations should be applied. Honorable John W. Oliver, United States District Court for the Western District of Missouri, held that the Illinois statute was applicable and granted summary judgment for defendant-appellee, Harold Burnett. Plaintiff, Wesley McIndoo, appeals. We affirm.

The facts are not in dispute. McIndoo and Burnett, Missouri residents,[1] agreed to travel together in Burnett's car to a bowling tournament in Illinois. Burnett, who held a Missouri drivers license and whose car was licensed in Missouri, drove his car and McIndoo rode in the front passenger seat. On Highway 44 in the State of Illinois Burnett's car left the road and collided with a utility pole and tree. McIndoo was injured.

This action was filed by McIndoo on May 25, 1973, over three years after the accident. By way of amended answer Burnett raised the Illinois statute of limitations and the Missouri "borrowing statute," V.A.M.S. § 516.190 (Supp. 1973), which states:

> Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

Appellant contends, first, that the court erred in allowing defendant to amend his answer to plead the "borrowing stat-

1. When this suit was ultimately brought, defendant was a resident of Louisville, Kentucky.

ute." The argument is that since defendant did not raise the affirmative defense in his answer or his motion for summary judgment the defense is waived. Burnett's answer before amendment and motion for summary judgment merely relied upon the Illinois two-year statute, Ill.Rev.Stats., Ch. 83, § 15 (1966), without citing the Missouri borrowing legislation, V.A.M.S. § 516.-190 (Supp.1973).

■■■ The trial court recognized that the Rules of Civil Procedure require that amendments be freely granted. Fed.R.Civ.P. 15(a). We agree. Pleadings are merely to facilitate a proper decision on the merits. Technicalities cannot be allowed to control the law suit. Foman v. Davis, 371 U.S. 178, 181–182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Wilburn v. Pepsi-Cola Bottling Co., 492 F.2d 1288 (C.A.8 1974). The trial court was correct in allowing defendant to amend his answer.

■■■ We note also that "[t]he law of any state of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof." Lamar v. Micou, 114 U.S. 218, 223, 5 S.Ct. 857, 859, 29 L.Ed. 94 (1885); Old Hickory Products Co., Ltd. v. Hickory Specialties, Inc., 366 F.Supp. 913, 916 (D.Ga.1973). This rule is of primary significance here since we are dealing with the federal district court of Missouri and that court's special knowledge of Missouri law.

■■■ Appellant's second and final contention is that since Missouri has now adopted the "'significant contacts" approach to conflict of laws problems, Kennedy v. Dixon, 439 S.W.2d 173 (Mo. 1969), the proper approach in this case would be to apply the Missouri statute of limitations. The trial court disagreed. We agree with the trial court. We find the following language from a recent Missouri case to be persuasive. The case involves a conflict between the Missouri and California statutes of limitations. The tort, slander, took place in California. The Missouri Court of Appeals explained:

> The Missouri statute (§ 516.190) makes the California statute our own as to the cause of action arising in California. Jenkins v. Thompson, 251 S.W.2d 325 (Mo.1952), and no conflict of law question remains. Girth v. Beaty Grocery Co., 407 S.W.2d 881 (Mo.1966), Bowling v. S. S. Kresge Company, 431 S.W.2d 191 (Mo.1968).
>
> \* \* \* \* \* \*
>
> Plaintiff's alternative contention that the Restatements of conflicts (Second), Sections 585 and 584, require a determination by the court as to whether the statute of limitations is procedural or substantive need not be considered since, under the plain terms and provisions of Section 516.190, there is no conflict requiring consideration of the nature of the limitations statutes involved and for the same reason discussion of Kennedy v. Dixon, 439 S.W.2d 173 (Mo. en banc 1969), and related cases, is unnecessary since those cases apply only when a conflict of laws question is involved. Gates v. Trans World Airlines, 493 S.W.2d 668, 669–670 (Mo.App.1973).

*See also* Lindsey v. Colgate-Palmolive Company, 491 S.W.2d 269 (Mo.1973). These recent cases support the conclusion and citations given by the trial court and we, of course, give great weight to the district court's determination of local law. Luke v. American Family Mutual Insurance Company, 476 F.2d 1015, 1019 & n.6 (CA 8 1972), aff'd, en banc, 476 F.2d 1023. The plain meaning of the statute in question is that where the tort takes place in a foreign jurisdiction Missouri will adopt the statute of limitations of that jurisdiction barring the cause of action. As the Restatement of Conflicts (Second) points out, had the Missouri legislature wished to exempt citizens of the forum state, such as McIndoo here, from the application of § 516.190, it could have

done so. Restatement, Conflict of Laws 2nd § 142 Comment (f).

We are satisfied that the trial court has made a correct determination of Missouri law. *See also* Jordon v. Chicago, Rock Island & Pacific R. R. Co., 293 F.Supp. 29 (W.D.Mo.1968).

Affirmed.