John F. TRZECKI, III, Plaintiff-Appellant,

v.

David GRUENEWALD and Steven Gruenewald, Defendants-Respondents.

No. 59152.

Supreme Court of Missouri, En Banc.

Feb. 9, 1976.

Thomas B. Maloney, Madigan & Maloney, St. Louis, for plaintiff-appellant.

Gerre Langton, Evans & Dixon, and William W. Evans, St. Louis, for defendants-respondents.

HOLMAN, Judge.

In this suit for damages for personal injuries the trial court sustained the separate motions of defendants to dismiss plaintiff's action. Plaintiff appealed to the St. Louis District of the Court of Appeals. That court adopted an opinion which held that plaintiff's claim was not barred by the statute of limitations and reversed the judgment of dismissal. Upon application of respondents we ordered the case transferred to this court. It will be finally determined here the same as on original appeal. Art. V, Sec. 10, Mo.Const. We affirm.

This suit was filed on November 20, 1972. The petition alleged that all of the parties were residents of Missouri and that plaintiff was injured near Springfield, Illinois; that he and defendant David Gruenewald were on a trip which was intended to begin and end in Missouri; that on June 23, 1970, in Illinois, their automobile became inoperative and that David telephoned a request that Steven come to the place of their difficulty and tow the car and transport them back to St. Louis County. Shortly after the tow-trip began Steven's car was overturned and plaintiff was injured. Both of the automobiles involved were licensed and garaged in Missouri.

Under the Illinois guest statute a cause of action against an automobile driver accrues to a guest occupant only if his injuries are caused by the willful and wanton misconduct of the driver. Ill.Rev.Stat., Ch. 95½, Sec. 10–201. No such misconduct was alleged.

Section 15, Chap. 83, Ill.Rev.Stat. provides that, "Actions for damages for an injury to the person . . . shall be commenced within two years next after the cause of action accrued." And the Missouri

"borrowing statute," Section 516.190 [1] provides that, "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state."

In their motions to dismiss defendants pleaded the foregoing statutes of limitation and alleged that since the action was not commenced within two years it was barred. The trial court agreed.

It is plaintiff's contention that the Missouri five year statute of limitation is applicable to this action and hence the trial court erred in dismissing the suit. His rather ingenious theory is that since he did not charge defendants with willful and wanton misconduct no cause of action accrued to him under Illinois law and his claim for relief is therefore based on the common law of Missouri. This, he says, is in accord with the "dominant interest or principal contacts" doctrine adopted in *Kennedy v. Dixon,* 439 S.W.2d 173 (Mo.1969).

Defendants, on the contrary, say that the Missouri "borrowing statute" made the two year Illinois statute of limitation, in effect, a Missouri statute for purposes of this case and thus bars the action. They point out that there are a number of Missouri cases that have so ruled.

We have concluded that the cases cited by defendants are applicable and support the trial court's judgment dismissing the action.

In the case of *Girth v. Beaty Grocery Company,* 407 S.W.2d 881 (Mo.1966), the collision in which plaintiff was injured occurred in Iowa. That state had a two year statute of limitation and the suit was not filed within that period of time. The trial court dismissed the action on the basis of our borrowing statute. In seeking to avoid the bar, plaintiff on appeal presented a conflict of law theory somewhat like the one we later adopted in Kennedy, contend-ing that we should bypass the Iowa statute because all the parties resided in Missouri. The court rejected that contention and ruled that there was no conflict of law question in the case since our borrowing statute made the Iowa statute our applicable statute of limitation.

A similar view is expressed in *Devine v. Rook,* 314 S.W.2d 932, 935 (Mo.App.1958) as follows: "It is fundamental that the law of the place where the cause of action first came to life controls the substantive law of the cause, since the cause owes its existence, and the character of its existence, to that place. But in respect to the *enforcement* of that cause, the state which lends its courts and its processes to that purpose has the right to say how and when those processes may be used. Hence the law of the forum controls in respect to limitations.

"The effect of the borrowing statutes is not to extend the procedural law of one state into another, but the borrowing state adopts and makes as its own (special statute of limitations) the statute of the other." See also, *Bowling v. S. S. Kresge Company,* 431 S.W.2d 191 (Mo.1968) in which this court followed its established rule in applying the borrowing statute.

At this point it should be mentioned that in *Kennedy,* supra, we abandoned the inflexible *lex loci delicti* rule in favor of the rule stated in Section 145 of Restatement 2d on Conflict of Laws. That rule permits a choice of law based upon the most significant relationships and contacts. We chose not to apply the Indiana guest law in that case. However, we do not think *Kennedy* has any application in the instant case because we are not concerned with a conflict of laws question.

The very recent case of *Richardson v. Watkins Bros. Mem. Chapels,* 527 S.W.2d 19 (Mo.App.1975) is significant. There the plaintiff sought recovery for injuries sustained in Kansas. All of the parties were residents of Missouri and the trip com-

1. All Missouri statutory references are to RSMo 1969, V.A.M.S.

menced in and was to end in Missouri. The trial court dismissed on the basis that our borrowing statute made the Kansas two year statute applicable. In affirming, the appeals court rejected the contention that *Kennedy* had the effect of overruling *Girth v. Beaty Grocery Company,* supra, and the other cases heretofore cited. We agree with that decision. To like effect see also *McIndoo v. Burnett,* 494 F.2d 1311 (8th Cir., 1974).

Since *Kennedy* adopted the Restatement rule we think it particularly significant that the Restatement is in accord with the conclusion we have heretofore stated. 1 Restatement of Conflict of Laws 2d, p. 10, Section 6(1) states that, "A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law," and Section 142(1) reads, "An action will not be maintained if it is barred by the statute of limitations of the forum, including a provision borrowing the statute of limitations of another state."

In connection with the problem before us we think it should be stated that the Illinois guest statute did not create a cause of action nor did it abolish general tort liability in that state. It is simply a limitation on the right of certain injured parties to recover in a specified situation.

■ In his reply brief plaintiff contends that our borrowing statute should be construed as applying only in cases involving nonresident parties. The reasoning seems to be that otherwise there is a conflict between our borrowing statute and our tolling statute, Sec. 516.200, in that an action could be barred under the borrowing statute even though the facts would cause it to be tolled under Sec. 516.200. The idea for his contention no doubt came from the case of *Coan v. Cessna Aircraft,* 53 Ill.2d 526, 293 N.E.2d 588 (1973) wherein the Illinois court reached that result under statutory provisions somewhat different from ours. We see no reasonable basis for holding that Missouri's borrowing and tolling statutes are in conflict. This contention is accordingly disallowed.

As indicated, we think the foregoing authorities are applicable to and decisive of the question presented in this case and hence that the trial court ruled correctly in dismissing the action.

Judgment affirmed.

All concur.