**Gary DORRIS, Plaintiff-Appellant,**

v.

**Darrell McCLANAHAN,
Defendant-Respondent.**

No. 68502.

Supreme Court of Missouri,
En Banc.

March 17, 1987.

C. John Pleban, St. Louis, for plaintiff-appellant.

Mary Fitzgerald, Eugene K. Buckley, St. Louis, for defendant-respondent.

HIGGINS, Chief Justice.

Gary Dorris, a Missouri resident, appeals a verdict directed against him at the close of his case in his suit for damages suffered in an automobile collision in Illinois. The trial court ruled that because the Illinois statute of limitations applicable to personal injury would have barred plaintiff's suit in Illinois, section 516.190 RSMo 1986, the borrowing statute, barred plaintiff's suit in Missouri. The court of appeals affirmed the directed verdict, and this Court transferred the case to determine the effect, if any, of the recent case of *Strahler v. St. Luke's Hospital*, 706 S.W.2d 7 (Mo. banc 1986). Reversed and remanded.

On August 14, 1977, Darrell McClanahan, with Gary Dorris and two girls as passengers, drove a truck from Missouri to Madison County, Illinois. McClanahan and Dorris entered the state with the purpose to purchase beer and then return to their home state of Missouri. While in Illinois and about three miles from the Missouri border, the truck collided with an automobile parked on Interstate Highway 270. On June 10, 1982, nearly five years later, Dorris filed suit against McClanahan alleging injuries caused by McClanahan's negligence in the operation of the truck.

Section 516.190 provides:

Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

Illinois statute requires that a cause of action for personal injury be filed within two years after the cause accrues. Ill.Rev. Stat. Ch. 83, § 15 (1981).

Appellant argues that the cause of action did not "originate" in Illinois because the trip was only a day's excursion into Illinois for liquor and the passengers intended to return to Missouri. Alternatively, he argues that he was a minor under Missouri law on the date of the collision and if section 516.190 operates to borrow the two year statute of limitation from Illinois, Missouri tolls the statute until the disability is removed. § 516.170, RSMo 1986.

In *Trzecki v. Gruenewald*, 532 S.W.2d 209 (Mo. banc 1976), suit was filed by one Missouri resident against another Missouri resident to recover damages incurred in an automobile collision in Illinois. Both the plaintiff and defendant were on a trip which was intended to begin and end in Missouri. The Illinois statute provided that actions for damages for personal injuries must be filed within two years after the cause of action accrued. The suit was filed more than two years after the automobile collision. The trial court dismissed the action and this Court affirmed the dismissal. Citing section 516.190, RSMo, the Court held that the borrowing statute made the two-year Illinois statute of limitation a Missouri statute for purposes of the case and thus barred the action.

Similarly, in this case, the Missouri legislature has enacted the borrowing statute which precludes a conflict of laws questions and bars the action. In *Devine v. Rook*, 314 S.W.2d 932, 935 (Mo.App.1958), the court stated:

It is fundamental that the law of the place where the cause of action first came to life controls the substantive law of the cause, since the cause owes its existence, and the character of its existence, to that place. But in respect to the enforcement of that cause, the state which lends its courts and its processes to that purpose has the right to say how and when those processes may be used. Hence the law of the forum controls in respect to limitations.

The cause of action did "originate" in Illinois within the meaning of section 516.190, even though both parties are Missouri residents and the parties were on a day's excursion into Illinois. "Originated" as used in the borrowing statute means "accrued." *Schnabel v. Taft Broadcasting Co., Inc.*, 525 S.W.2d 819 (Mo.App. 1975). Section 516.100, RSMo 1986, states that for the purposes of sections 516.100 to 516.370, the cause of action accrues "when the damage resulting therefrom is sustained and is capable of ascertainment." There is no dispute that the collision occurred in Illinois.

In *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642 (8th Cir.1982), the federal court discussed this issue under the Missouri cases. In *Renfroe*, the plaintiffs sued the drug company to recover for damages sustained as a result of in utero exposure to DES. The plaintiffs maintained that the borrowing statute in section 516.190 should not have been applied because their cause of action originated in Missouri. The sale and distribution of the drug as well as its exposure to the plaintiffs occurred in Missouri; however, their cancerous conditions were not discovered until much later when the plaintiffs resided in other states. In denying the plaintiffs' claim, the court cited section 516.100 which states that a cause of action accrues when the plaintiff has sustained some damage capable of ascertainment. The court noted that it was only when the cancer developed and "became capable of ascertainment," that the cause of action accrued under Missouri law. *Id.* at 646. Therefore, the court correctly concluded that the cause of action "originated" in the foreign state where the plaintiffs first developed cancer capable of ascertainment. *Id.* at 647.

In *McIndoo v. Burnett*, 494 F.2d 1311 (8th Cir.1974), the court applied the Missouri borrowing statute to an action brought in

Missouri for an injury sustained in Illinois. The parties to the action were Missouri residents who had agreed to travel together in the defendant's car to a bowling tournament in Illinois. In applying section 516.190 to the case, the court explained that when a tort occurs in a foreign jurisdiction, Missouri adopts the statute of limitations of that jurisdiction. *Id.* at 1313.

Both *McIndoo* and *Renfroe* follow the precedent this court enunciated in *Trzecki v. Gruenewald*, 532 S.W.2d 209, and support its continuing validity.

Appellant argues also that *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969), may be applicable to this case. In *Kennedy* this Court abandoned the *lex loci delicti* rule and adopted section 145 of Restatement 2d on Conflict of Laws. Because the Missouri legislature preempts an analysis of 2d Restatement significant contacts in this case, *Kennedy* is inapplicable. *Trzecki*, 532 S.W.2d at 211.

■ Appellant argues alternatively that if the Illinois two-year statute of limitations is borrowed it was tolled because plaintiff was not required to bring his action under Missouri law before the age of twenty-one. Plaintiff filed the lawsuit on June 10, 1982, within two years following his twenty-first birthday. In support of his argument appellant cites section 516.170, RSMo 1986, which states in pertinent part:

> If any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be ... within the age of twenty-one years ..., such person shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.370 limited after such disability is removed.

Appellant thus raises a question of statutory construction. He argues that the words "entitled to bring an action in sections 516.100 to 516.370" must be construed in harmony with legislative intent; that the legislature clearly expressed its interest in protecting the rights of access to the courts for children up to age 21 by enacting this statute; that the language of the provision brings within it all actions which are permissible by virtue of sections 516.100 to 516.370; and because the borrowing statute falls within these criteria, the Missouri tolling provision must be applied to preserve plaintiff's cause of action.

In *Strahler v. St. Luke's Hospital*, 706 S.W.2d 7, 11 (Mo. banc 1986), this Court reaffirmed the intent to protect the minor's right of access to the courts. The Court stated that the tolling provision of section 516.170 must "preserve the cause of action for a minor and safeguard the minor's constitutionally guaranteed right of access to the courts...." In *Strahler*, the statutory limitation period contained in 516.105, RSMo 1978, was held to be unconstitutional as applied to minors under Mo.Const., art. 1, § 14, and was, therefore, found constitutionally infirm. In *State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner*, 583 S.W.2d 107 (Mo. banc 1979), this Court noted the "[t]he right of access to the courts is said to trace back to Magna Charta" and is a part of the first amendment right to petition the government. *Id.* at 110.

Respondent argues that the proper construction of the statute reveals that the plaintiff was not entitled to bring a cause of action within the borrowing statute and, thus, section 516.170 is inapplicable. Respondent cites dicta in *Devine v. Rook*, 314 S.W.2d 932, that a foreign statute is "not wrenched bodily out of its own setting," but must be taken along with the case law which construes it and its companion statute. First, *Devine* is not in point. The issue of a minor plaintiff did not arise in *Devine*. The legislature has enacted this specific statute to protect the minor's right to access to the courts in his own right. Second, that interpretation would render the tolling provision meaningless where section 516.190 is involved because the provision can only be applied if the suit would have been otherwise barred. "Entitled to bring an action" refers only to the broad right to seek redress for a wrong. The tolling provision can then serve its purpose of preserving a right that has been otherwise barred.

Respondent also cites *Handlin v. Burchett*, 270 Mo. 114, 192 S.W. 1016 (1917), in

support of his argument. In *Handlin,* the plaintiff sued defendant for medical malpractice which occurred in Iowa in 1908, when plaintiff was 17 years old. Plaintiff brought the action almost four years after the tortious conduct occurred. The plaintiff filed the action in both Missouri and Iowa courts and later dropped the Iowa suit. The defendant in answer to the Missouri lawsuit alleged that the plaintiff had voluntarily dismissed the suit in Iowa. In addition, defendant pleaded the Iowa two-year statute of limitations on malpractice and that the Iowa statute provided that if after commencement of an action, that action fails and a new one is brought within six months, the second suit is deemed a continuation of the first. Defendant then concluded that since a second suit was not brought in Iowa within six months of the dismissal, the plaintiff's cause of action was finally terminated in Iowa. Consequently, the Missouri borrowing statute construing the action as fully barred required dismissal of the Missouri lawsuit. *Id.,* 192 S.W. at 1017.

*Handlin* is distinguishable. The issue of applicability of Missouri's minority tolling statute was not before the court. Further, the suit was originally filed in Iowa by the plaintiff and the interpretation of Iowa filing provisions was the issue before the court. *Id.* at 1017. If interpretation of Missouri tolling provisions was at issue, those statutes differ in an important aspect today from their 1917 counterparts when *Handlin* was decided. In 1909 the tolling statute made no reference to other statutory sections to which its provisions should be applied. § 1894, RSMo 1909. The legislature today has removed the ambiguity and clearly demonstrated its intent to apply the statute to cases arising in foreign jurisdictions by including all actions brought within section 516.100 to 516.370.

Respondent also argues that appellant erroneously classifies 516.170 as a special statute and therefore an exception to section 516.190, a general statute. Respondent notes that 516.190 has in fact been held to be a special statute of limitations applicable to those particular actions of a class arising in a foreign state. *Alropa*

*Corp. v. Smith,* 199 S.W.2d 866 (Mo.App. 1947). Appellant suggests, persuasively, however, that section 516.170 is not an exception but rather by its language overrides section 516.190. Simply put, despite other statutes of limitations, a Missouri minor can bring his lawsuit within a limited period of time after he reaches age 21.

Accordingly, the directed verdict for defendant is reversed and the cause is remanded.

BILLINGS, J., concurs.

RENDLEN, J., concurs in result.

BLACKMAR, J., concurs in separate opinion filed.

ROBERTSON, J., dissents in separate opinion filed.

DONNELLY and WELLIVER, JJ., dissent and concur in separate dissenting opinion of ROBERTSON, J.

BLACKMAR, Judge, concurring.

Here two Missouri residents made a sortie into Illinois, intending to return quickly to Missouri. They were involved in an accident in Illinois, and the passenger sued the driver for damages.

In *Kennedy v. Dixon,* 439 S.W.2d 173 (Mo. banc 1969), which is factually indistinguishable, we concluded that the state in which the accident occurred (Indiana) had little interest in applying its tort law, and that Missouri had a substantial interest. We therefore refused to apply the Indiana guest statute, which required an enhanced showing of negligence. In so holding we rejected the traditional *lex locus delicti* approach and purported to adopt the "most significant contacts" approach of the Restatement (Second) of Conflict of Laws § 145 (1969).

In *Trzecki v. Gruenewald,* 532 S.W.2d 209 (Mo. banc 1976) a similar fact situation was presented. We held that the adult plaintiff's claim was barred by reason of our "borrowing statute," now § 516.190, RSMo 1986, because the cause of action "originated" at the place of the accident. We found an express statutory command

which precluded the application of policy considerations, and rejected the suggestion that the action should be held to have originated in the state which provided the governing substantive law.

The soundness of such a decision has been questioned. Tuchler, *Other States' Guest Statutes—A Hesitant Step Forward*, 15 St. Louis Bar Journal 17 (Spring 1969). *Kennedy v. Dixon, supra*, should be given the broadest possible effect, and *Trzecki* should not be extended[1] when the governing statutes are capable of a construction which better accords with policy considerations.

The present plaintiff was a minor at the time of the accident, under both Missouri's and Illinois' law. A state has a primary interest in protecting its minor citizens in their access to its courts. *Strahler v. St. Luke's Hospital*, 706 S.W.2d 7 (Mo. banc 1986). Section 516.170, RSMo 1986, states expressly that a person who was a minor at the time his or her cause of action accrued "shall be at liberty" to bring an action after the disability of minority is removed. This express permission controls. It is of no significance that our law allows a person of age 18 or over to sue without a next friend.[2] (Section 507.115, RSMo 1986). The tolling provisions of § 516.170 continue until age 21. The borrowed limitation period of § 516.190 is expressly tolled by § 516.170 for a plaintiff who is under the age of 21.

It makes no difference that Missouri would borrow the Illinois limitation period subject to Illinois tolling provisions. An action is not "fully barred" under Illinois law if the statute of limitations is tolled by that law. Such a holding is not inconsistent with the application of § 516.170 for the protection of a Missouri minor, in accordance with its express terms.

The result of the principal opinion is supported by reason, policy, and authority as well as by the proper construction of § 516.170. I concur.

ROBERTSON, Judge, dissenting.

I respectfully dissent.

I have no quarrel with the majority opinion's conclusion that the two-year Illinois statute of limitations controls in this case. I part company with the majority opinion, however, when it invokes Mo.Const. art. I, § 14, allowing this action to proceed in Missouri after it has been fully barred by the laws of Illinois.

Section 516.190, RSMo 1986, provides that "[w]henever a cause of action has been fully barred by the laws of the state ... in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Section 516.190 bars an action in Missouri only when the plaintiff's cause of action is fully barred by the laws of the state in which the action originated. Here, the "originating" state is Illinois. *Schnabel v. Taft Broadcasting Co.*, 525 S.W.2d 819 (Mo.App.1975); *Dzur v. Gaertner*, 657 S.W.2d 35, 36 (Mo.App.1983). Thus, the pertinent inquiry under § 516.190 is whether a plaintiff's cause of action "has been fully barred by the laws of the [foreign] state."

Ill.Rev.Stat. Ch. 83, para. 22 (1981)[1] provides that if a plaintiff entitled to bring an action for damages for injury to the person is within the age of 18 years when his cause of action accrues, he must bring the action within two years after the disability of minority is removed. Plaintiff celebrated his eighteenth birthday on August 30, 1977, sixteen days after the accident. On that date he was no longer a minor under Illinois law; the Illinois statute of limitations began to run. On August 30, 1979, the two-year period of limitations established by Illinois law expired. By that

---

1. As a matter of fact I would be only too glad to reconsider the holding if an appropriate case were presented.

2. I do not see the pertinence of Judge Robertson's observation that the plaintiff could sue in his own name in Illinois as soon as he reached

18. It is manifest from *Kennedy v. Dixon, supra*, that Missouri is the most appropriate forum for a suit by this plaintiff against this defendant.

1. Repealed, currently Ill.Rev.Stat. Ch. 110, para. 13–215 (1983).

date, plaintiff had not filed his suit; his cause of action was fully barred under Illinois law. Under the plain, unambiguous language of § 516.190, plaintiff's cause of action is barred in Missouri, as well. Where the language of a statute is plain and admits of but one meaning, there is no room for construction. *Blue Springs Bowl v. Spradling*, 551 S.W.2d 596 (Mo. banc 1977).

The appellant, and the majority opinion, argue that § 516.190 must be harmonized with the legislative intent expressed in § 516.170. Section 516.170 provides that:

> if any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be ... within the age of twenty-one years, ... such persons shall be at liberty to bring such actions within the respective times in sections 516.100 to 516.-370 limited after such disability is removed.

In the area of limitations of actions, it is a generally accepted rule that when borrowing the statute of limitations of a foreign state, the applicable tolling provision of that state is borrowed as well. E. Scoles and P. Hay, Conflict of Laws, L.Ed., § 3.11 (1984); Davis, Tort Liability and the Statutes of Limitation, 33 Mo.L.Rev. 171, 216 (1968); 67 A.L.R.2d 216, 219 (1959).[2] This legal tenet was summarized in *Devine v. Rook*, 314 S.W.2d 932, 935 (Mo.App.1958), wherein the court stated that:

> [t]he effect of the borrowing statute is not to extend the procedural law of one state into another, but the borrowing state adopts and makes as its own (special statute of limitations) the statute of the other. But when such statute is so borrowed, it is not wrenched bodily out of its own setting, but taken along with it are the court decisions of its own state which interpret and apply it, and the companion statutes which limit and restrict its operation.

The majority opinion dismisses this language as mere dicta. Yet, the issue in *Devine* was "whether, when [borrowing a foreign statute of limitations], we take along with it the [foreign] tolling statute, or whether we take the [statute of limitations] alone and uninhibited by such tolling statute." 314 S.W.2d at 935. The cited language, far from being dicta, is the court's conclusion of law in answer to the question presented.

That the legislature contemplated that our courts would borrow not only the applicable statute of limitations, but also pertinent tolling provisions is evidenced by the legislative histories of §§ 516.170 and 516.-190. A statute tolling an otherwise applicable statute of limitations for minors has been the law in Missouri since at least 1825. Laws of Mo.1825, p. 510–1, § 3. Section 516.190 has remained unchanged since its initial adoption in 1899. § 4280, RSMo 1899. As a matter of construction, assuming arguendo that construction is warranted, it must be presumed that the legislature, which last amended § 516.170 in 1983, has been and is aware of not only the plain language of § 516.190, extant since 1899, but also of *Devine*, 314 S.W.2d 932.

In an attempt to distinguish *Devine* and *Handlin v. Burchett*, 270 Mo. 114, 192 S.W. 1016 (1917), the majority turns to *Strahler v. St. Luke's Hospital*, 706 S.W.2d 7, 11 (Mo. banc 1986), as an affirmation of this Court's intent to protect a minor's right of access to the courts in his own right.

This Court has zealously protected our constitutionally guaranteed right of "access to the courts." *State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner*, 583 S.W.2d 107 (Mo. banc 1979); *Strahler*. This case, however, raises no issue of access to the courts. Appellant could have brought this action in his own right in the courts of Illinois within two years of his eighteenth birthday. He had access to the courts of Illinois. More-

---

**2.** Cf. *Turner v. Missouri Kansas-Texas R. Co.*, 346 Mo. 28, 142 S.W.2d 455 (1940), wherein this Court found that the Missouri tolling provision should operate in conjunction with the Kansas statute of limitations made applicable by the borrowing statute. *Turner* is easily distinguishable by the fact that the Kansas tolling statute was not pleaded in that case.

over, appellant had access to the courts of Missouri. Under § 507.115, RSMo 1986,[3] appellant could have brought this action in his own name as the real party in interest, once he reached the age of eighteen.

Finally, I am unable to agree with the majority opinion's conclusion that the legislature enacted § 516.170 "to protect a minor's right to access to the courts in his own right," apparently without regard to the plain language of § 516.190 or similar statutory enactments. After all, it was the General Assembly's disregard for a minor's right of access to the courts that prompted a majority of this Court to declare a portion of the legislature's statute of limitations for medical malpractice unconstitutional in *Strahler.*

Because I believe plaintiff's cause is fully barred in Illinois and, therefore fully barred in Missouri under § 516.190, I dissent.

---

**3.** S.B. 500, § 1, Laws of Missouri 1976, p. 765.