Trevor Gene THOMPSON, a minor, by his Next Friend, Roger Gene THOMP-SON, Plaintiff–Appellant,

v.

Dan CRAWFORD, Defendant Ad Litem for Walter Robert Ottman, Deceased, and Bette Ottman, Defendants–Respondents.

No. 74322.

Supreme Court of Missouri, En Banc.

June 2, 1992.

C.H. Parsons, Jr., Dexter, John L. Oliver, Jr., Cape Girardeau, for plaintiff-appellant.

Jeffrey S. Maguire, Cape Girardeau, for defendants-respondents.

THOMAS, Judge.

Trevor Gene Thompson, a minor, filed a petition in the Circuit Court of Dunklin County, Missouri, for the wrongful death of his mother. The trial court dismissed the petition for wrongful death, finding the statute of limitations had expired and the claim was barred. The Missouri Court of Appeals, Southern District, transferred the cause to the Missouri Supreme Court for resolution. We affirm the trial court's dismissal of the cause of action.

Trevor's mother, Lisa Sue Thompson, a resident of Tennessee, died on October 19, 1986, as a result of injuries she received in an automobile accident that occurred in Tennessee on that date. Decedent was a passenger in a car driven by Walter Ottman, a resident of Tennessee, who also died in the accident. The vehicle, owned jointly by Walter Ottman and Bette Ottman, his mother, a resident of Missouri, was registered and "titled" in Missouri and had Missouri license plates. The vehicle was also insured under a policy of liability insurance issued and purchased in Missouri.

Trevor Gene Thompson, the minor son of the decedent, filed this wrongful death action on September 20, 1989, in the Circuit Court of Dunklin County, Missouri. The minor plaintiff was a resident of Tennessee at the time of the accident but now resides in Missouri. Dan Crawford, defendant ad litem for Walter Ottman, and Bette Ottman were the named defendants. Count I of the petition alleged Walter Ottman negligently caused the decedent's death. Count II alleged that Bette Ottman negligently entrusted the vehicle to Walter Ottman,

knowing he was reckless and impaired by alcohol and drugs. The trial court dismissed the petition, finding the cause of action was time barred by the limitation set forth in Tenn.Code Ann. § 28–3–104 (1980).[1]

The primary questions presented to this Court are whether the Tennessee one-year statute of limitations, Tenn.Code Ann. § 28–3–104, applies to the present cause of action and whether the cause of action should be tolled until the minor plaintiff reaches the age of majority. This Court must first determine which law controls the substantive issues in this cause of action for wrongful death.

We believe the traditional conflicts of law analysis set forth in *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969), should be applied to this claim to determine which state's law governs. The framework of *Kennedy v. Dixon* follows the Restatement (Second) of Conflict of Laws § 145, (1971) which provides:

(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.

(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

In the instant case, the negligent conduct of the driver that caused the accident, as well as the resulting injury, occurred in Tennessee. The decedent, the negligent driver and the minor plaintiff were residents of Tennessee at the time of the accident. Applying the above factors to the present case, we conclude the substantive law of Tennessee governs the plaintiff's cause of action. Although the plaintiff now resides in Missouri and the car was registered and insured in Missouri, these facts do not create a significant relationship such that Missouri law should control. Missouri cases have consistently held that the substantive law of the state in which the fatal injury occurred should apply to the cause of action for wrongful death. *Bigham v. McCall Service Stations, Inc.*, 637 S.W.2d 227, 229 (Mo.App. 1982); *Nelson v. Hall*, 684 S.W.2d 350, 354 (Mo.App. modified October 30, 1984). Plaintiff's claim in the present case has the most significant relationship with Tennessee and, as such, should be governed by Tennessee law. Therefore, although this action is properly filed in the Missouri court, it must be brought pursuant to the Tennessee wrongful death statute.

Even though we have concluded that the substantive law of Tennessee should control the basic determination of liability in this case, the question of which statute of limitations should control remains. Under *Kennedy v. Dixon* and the Restatement (Second) of Conflict of Laws, the conflict analysis is made issue by issue in terms of which state has the most significant relationship to the occurrence and the parties with respect to that particular issue. The General Assembly of Missouri answered the statute of limitations question through the enactment of section 516.-

**1.** Although defendant Bette Ottman filed a motion to dismiss this action based upon the statute of limitations set forth in Tenn.Code Ann. § 28–3–104, the defendant ad litem did not plead the statute of limitations. According to Rule 55.08, the statute of limitations is an affirmative defense which must be pled. Never-

theless, the trial court dismissed the action with respect to both defendants. Because plaintiff-appellant has not raised the defendant ad litem's failure to plead the affirmative defense of the statute of limitations, we address the issue as though the defendant ad litem had raised it as required.

190, RSMo 1986, the Missouri borrowing statute, which provides as follows:

> Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon, brought in any of the courts of this state.

"Originated," as used in the statute, has been construed to mean "accrued." *Dorris v. McClanahan*, 725 S.W.2d 870, 871 (Mo. banc 1987). Section 516.100, RSMo 1986, defines "accrued" as the time "when the damage resulting therefrom is sustained and is capable of ascertainment." It is clear that the collision and the resulting damage occurred in Tennessee so that the cause of action originated there.

■ Wrongful death statutes are generally one of two types. The most common type of statute, often called "Lord Campbell" actions, creates a new and independent cause of action in the survivors. A small minority of states have the second type, referred to as "survival" statutes. A survival statute preserves the right of action for personal injury that the decedent would have had if she had survived the injury. The Tennessee wrongful death statute is of the latter type. Tenn.Code Ann. § 20–5–106 (Supp.1991); *Jones v. Black*, 539 S.W.2d 123 (Tenn.1976). Tennessee law requires that a cause of action for personal injury be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28–3–104 (1980). Thus, as construed by the Tennessee Supreme Court, a cause of action for wrongful death must also be commenced within one year after the death of the decedent. *Jones*, 539 S.W.2d at 125. Accordingly, this cause of action is fully barred by the laws of Tennessee, and under the mandate of section 516.190, RSMo, the Tennessee statute of limitations is a complete defense in Missouri.

■ Both plaintiff and defendants argue that section 516.300, RSMo 1986, prevents the application of section 516.190 to this cause of action. Section 516.300 provides as follows:

> The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute.

The reference in section 516.300 to "any action which is or shall be otherwise limited by any statute" means a cause of action, such as a wrongful death action, in which the limitation is inherent within the statute. Section 516.300 is designed to assure the Missouri general statute of limitations will not be injected into a cause of action that has its own built-in statute of limitations. The creation of the cause of action with a built-in statute of limitations essentially makes it impossible to use the cause of action without using the limitation period because no cause of action exists beyond the expiration of the statute of limitations.

■ The Tennessee statute authorizing suit for wrongful death, however, does not contain a built-in statute of limitations. It preserves the cause of action that the decedent would have had if she had survived the injuries. Tenn.Code Ann. § 20–5–106 (Supp.1991). Tennessee, therefore, treats a claim for wrongful death as a claim for personal injury and applies the general statute of limitations for personal injury. Thus, the exemption in section 516.300 does not bar the application of section 516.190 to this Tennessee action for wrongful death because the Tennessee statute is not an "action which is or shall be otherwise limited by any statute," as specifically required by section 516.300.

Plaintiff and defendants rely on *Malone By and Through Alexander v. Jackson*, 652 S.W.2d 170 (Mo.App.1983), to support their contention that section 516.300 exempts this cause of action from the effect of section 516.190. The *Malone* court considered a similar circumstance. As in the present case, that action was filed in Missouri and the accident occurred in Tennessee. Unlike the present case, however, the conflicts analysis resulted in the application of Missouri law, including the Missouri Wrongful Death Statute rather than the Tennessee "survival" statute. The court

construed section 516.300 to make section 516.190 inapplicable to a claim filed under the Missouri Wrongful Death Statute because such action was "otherwise limited" (the express language of section 516.300), by a built-in three-year statute of limitations. We agree with the reasoning of the *Malone* case. In the present case, however, the cause of action must be brought under the Tennessee "survival" statute, which does not have a built-in statute of limitations; therefore, section 516.300 does not exempt the cause of action from the purview of section 516.190.

Plaintiff and defendants also argue that the statute of limitations issue should be determined by a traditional conflicts of law analysis rather than the application of section 516.190. In *Trzecki v. Gruenewald*, 532 S.W.2d 209, 211 (Mo. banc 1976), however, this Court held that where section 516.190 applies, it preempts the resolution of the statute of limitations issue by traditional conflicts analysis under *Kennedy v. Dixon* principles. This Court reasoned that the Missouri legislature intended to avoid a conflicts problem with respect to the statute of limitations and thereby prevent forum shopping for a longer period in which to file suit. Traditional conflicts of law analysis is necessary to determine under which wrongful death statute the action should be brought, but as to the specific statute of limitations issue, where that statute does not have a built-in statute of limitations, section 516.190 controls.

Before reaching a final conclusion that this cause of action is barred, we must determine whether the Tennessee statute of limitations should be tolled by either the Tennessee or the Missouri tolling provisions. Tennessee courts do not toll the statute of limitations for minor plaintiffs under the Tennessee "survival" statute because the plaintiff only succeeds to the right of action that the decedent could have maintained if she had survived the injuries. No independent right of action exists in the survivor. *Jones*, 539 S.W.2d 123.

Plaintiff claims the running of the statutory time period must be tolled because the plaintiff need not bring his action under Missouri law before the age of twenty-one. Plaintiff cites section 516.170, RSMo 1986, to support this argument, which states in pertinent part as follows:

If any person entitled to bring an action in sections 516.100 to 516.370 specified, at the time the cause of action accrued be ... within the age of twenty-one years ..., such person shall be at liberty to bring such actions within the respective times in section 516.100 to 516.370 limited after such disability is removed.

Plaintiff cites *Dorris v. McClanahan*, 725 S.W.2d 870, wherein Dorris sued in Missouri for damages resulting from an automobile accident in Illinois. The cause of action would have been barred in Illinois because Illinois only tolls an action for personal injuries until a plaintiff reaches the age of eighteen. Dorris filed suit for personal injuries in Missouri within two years following his twenty-first birthday. This Court, in a plurality opinion, borrowed the Illinois two-year statute of limitations, as required by section 516.-190, but applied the tolling provision of the Missouri statutes, finding the tolling provision was necessary to preserve the minor's cause of action. *Id.* at 872–73.

We believe the better-reasoned rule is set forth in the *Dorris* dissent. It is a generally accepted rule that when borrowing the statute of limitations of a foreign state, the applicable tolling provision of that state is borrowed as well. *Devine v. Rook*, 314 S.W.2d 932, 935 (Mo.App.1958). In *Devine*, the court stated:

When [a statute of limitations] is so borrowed, it is not wrenched bodily out of its own setting, but taken along with it are the correct decisions of its own state which interpret and apply it, and the companion statutes which limit and restrict its operation.

We believe this Court should borrow the Tennessee tolling provisions and its precedents as to the application of those provisions as well as the Tennessee statute of limitations. Because the Tennessee court does not toll the statute of limitations for minor plaintiffs under the Tennessee wrongful death statute, likewise, the Mis-

souri court should not toll the plaintiff's cause of action. To the extent this opinion is inconsistent with the *Dorris* plurality opinion, *Dorris* is overruled.

■ Finally, plaintiff argues that *Strahler v. St. Luke's Hospital*, 706 S.W.2d 7 (Mo. banc 1986), invalidates the Tennessee one-year statute of limitations as applied to a minor. *Strahler* held that a two-year statute of limitations for medical malpractice actions was unconstitutional as applied to a minor in that such a limited time period deprived the minor of his guaranteed access to the courts in violation of the open courts provision of the Missouri Constitution, Article I, Section 14. In *Strahler*, the plaintiff sought to recover on her own personal injury claim. This Court need not follow the rationale of *Strahler* in the present case because plaintiff seeks recovery in a representative capacity; i.e., the origin of plaintiff's cause of action is his right to bring his mother's claim under the Tennessee "survival" statute. Plaintiff steps into the shoes of his mother and, thus, only succeeds to the cause of action that she could have maintained if she had survived her injuries. When the bar of the statute of limitations is complete against the person from whom the right or title is derived, it is operative and binding against the successor. 54 C.J.S. *Limitations of Actions* § 20 (1987). If the rule were otherwise, plaintiffs could protract claims for an indefinite period by assigning and reassigning the claim to a minor or other representative plaintiff with a disability so that the statute of limitations would never run. Such a rule would defeat the purpose behind the statute of limitations of preventing stale claims. Thus, the refusal to toll the statute of limitations in this situation does not violate the open courts provision of the Missouri Constitution, which only guarantees access to the courts for a claim that is recognized under existing law. *Blaske v. Smith & Entzeroth, Inc.*, 821 S.W.2d 822, 833 (Mo. banc 1991).

We hold that section 516.190 mandates the application of the Tennessee one-year statute of limitations for wrongful death without a tolling period. Thus, plaintiff's claim for wrongful death is barred. The dismissal of plaintiff's petition is affirmed.

ROBERTSON, C.J., and COVINGTON, HOLSTEIN and BENTON, JJ., concur.

BLACKMAR, Senior Judge, dissents in separate opinion filed.

RENDLEN, Senior Judge, concurs in opinion of BLACKMAR, Senior Judge.

PRICE, J., not participating because not a member of the Court when the case was submitted.

CHARLES B. BLACKMAR, Senior Judge, dissenting.

The principal opinion contains a scholarly analysis of the numerous cases discussing the various problems presented by our "borrowing statute," § *516.190, RSMo 1986*. Just as the majority and the dissenting opinions in the court of appeals, the Court realizes that the trial judge's conclusion is inconsistent with *Dorris v. McClanahan*, 725 S.W.2d 870 (Mo. banc 1987). So it cuts the Gordian Knot by overruling that case. I adhere to the views expressed in my concurring opinion in that case, 725 S.W.2d at 873, and in my jointure in the majority opinion. The *Dorris* holding represents a reasonable resolution of competing statutory considerations and enunciates sound policy. I would not so quickly cast it aside.

The principal opinion finds a "better reasoned" rule in the dissenting opinion in *Dorris*, authored by then Judge Robertson and joined in by Judges Welliver and Donnelly. 725 S.W.2d at 874. With respect, I do not perceive the superior reasoning now any more than I did then. Reasoning is not necessarily superior simply because it is symmetrical. Prior to *Kennedy v. Dixon*, 439 S.W.2d 173 (Mo. banc 1969) an easy symmetry prevailed in choice of law problems in tort cases, but the Court there, in a case which has received general approval and much favorable comment, concluded that a more individualized approach was desirable. *Dorris* is consistent with that line of authority, and the present holding is not.

It makes no difference that *Dorris* was decided by a plurality opinion. The Court rejects it in favor of a holding which did not commend itself to a majority of the sitting judges. A judge makes problems for present and future colleagues by announcing a vote of "concur in result," especially when the Court is otherwise evenly divided, but the present opinion does not turn on nuances. It rather totally rejects the majority position in *Dorris*. I do not sense the need for overruling so recent a precedent.

I accept the conclusion of the principal opinion that the substantive law of Tennessee governs. The appellant does not persuade me that suit could be brought under the Missouri wrongful death act, which is said to establish a new cause of action with a "built-in" or "substantive" statute of limitations of three years. As the principal opinion points out, Tennessee's approach to the wrongful death problem is to allow common law damage suits for negligence to be maintained even though the person suffering injury through negligence has died. This is manifestly a transitory claim which could be sued on in the Missouri courts.

According to the petition the infant plaintiff became a resident of Missouri the moment his mother died. As *Dorris* points out, he necessarily had to look to the law of Missouri for the protection of his proper legal interests. Nobody anywhere else cared about him. At this point the state of Missouri acquired a vital interest in protecting his welfare and his sources of support. In seeking to protect the interest of persons in his position the legislature adopted § *516.170, RSMo 1986*, providing for the tolling of statutes of limitation during minority.

For the majority it is sufficient that the action could not now be maintained in Tennessee. So, it is said, the "borrowing statute," § *516.190*, precludes the maintenance of the action in Missouri. I agree with Judge Shrum of the court of appeals that "the language of § 516.170 ... overrides § 516.190...." Our problem is not one of conventional conflict of laws analysis. It rather is a problem of harmonizing the Missouri statute of limitations, §§ *516.010– 516.370*, by deciding whether to apply the tolling provision or the borrowing statute. When there is room for construction, policy considerations are of prime importance.

*Strahler v. St. Luke's Hospital*, 706 S.W.2d 7 (Mo. banc 1986), emphasizes our statutory policy of protecting the rights of minors, who are unable to protect themselves. I dissented in *Strahler* because of the constitutional disabilities the holding imposed on the legislature, but my views did not prevail. The legislature has declared that infants are incapable of protecting their own legal rights, and that their rights cannot adequately be protected by parents, guardians, or other intermediaries. Thus, a minor's right to sue is not lost because of the inattention or neglect of his legal or natural guardians. If the principal opinion is correct, then the legislature's concern about protecting minors' rights does not extend to a situation in which a minor residing in Missouri may be entitled to indemnity for the death of his parent in an accident in another state.

The only reason suggested is that suggested by Judge Robertson in *Dorris v. McClanahan*, 725 S.W.2d 870, 875 (Mo. banc 1987), that "it is a generally accepted rule that when borrowing the statute of limitations of a foreign state, the applicable tolling provision of that state is borrowed as well." The authority cited is scant, and the proposition, in my view, is too broadly stated. The case principally relied on, *Devine v. Rook*, 314 S.W.2d 932 (Mo.App. 1958), did not deal with an infant's claim. It held simply that the borrowing statute would not bar a claim if the borrowed statute of limitations was tolled by the law of the enacting state.

It is one thing to say that an adult claimant who has a choice should not be allowed to shop for a forum with a longer statute of limitations when for some reason suit has not been brought within the limitation period of the state in which the claim accrued. It is quite another to say that an infant, who by the express presumption of

the law is not capable of forum shopping, is to be treated as a forum shopper.

I realize that, by my analysis, the infant could wait until majority before any statute of limitations would be run. This does not disturb me if the only alternative is a complete bar to recovery. The reliance interest is minimal on the part of those who might be liable for a tort which has already occurred.

For the reasons stated, I would follow *Dorris v. McClanahan*, rather than overruling it. I would reverse the judgment of dismissal and remand for further proceedings.