**John E. and Patricia WALLACE, Appellants,**

v.

**John WASHINGTON, Respondent.**

**No. WD 47346.**

Missouri Court of Appeals, Western District.

Aug. 31, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1993.

Application to Transfer Denied Nov. 23, 1993.

Gerrold Kenter, Kansas City, for appellants.

Dennis E. Davidson, Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

SPINDEN, Presiding Judge.

John and Patricia Wallace appeal the trial court's dismissal of their tort actions against John L. Washington concerning an automobile accident in Indianapolis, Indiana. The Wallaces were passengers in an automobile driven by Washington. The car hit a guard rail, and John Wallace was injured. No other vehicle was involved. The Wallaces and Washington were Missouri residents.

The Wallaces filed their action on October 7, 1992, almost five years after the accident. The trial court dismissed the petition on the

ground that § 516.190,[1] Missouri's borrowing statute, precludes the application of Missouri's five-year statute of limitations.[2] Section 516.190 states, "Whenever a cause of action has been fully barred by the laws of the state, territory or country in which it originated, said bar shall be a complete defense to any action thereon brought in any of the courts of this state." Indiana's statute of limitations [3] put a two-year deadline on such actions.

The effect of § 516.190 on this case is that Missouri has adopted the Indiana statute of limitations. *Trzecki v. Gruenewald*, 532 S.W.2d 209, 211 (Mo. banc 1976). The Wallaces argue, however, in reliance on *Kennedy v. Dixon*, 439 S.W.2d 173, 180 (Mo. banc 1969), that the "most significant contacts rule" should make Missouri's, not Indiana's, statute of limitations applicable.

In *Kennedy*, the Supreme Court of Missouri abandoned the *lex loci delicti* rule, which provided that a forum state's laws should apply to all tort actions arising in another state, and adopted in its place Restatement (Second) of Conflict of Laws § 145 (1971). The restatement provides, "The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, as to that issue, has the most significant relationship to the occurrence and the parties[.]" The Wallaces argue that Missouri is the state with the most significant contacts, so the Missouri statute of limitations should apply.

We disagree. In *Thompson by Thompson v. Crawford*, 833 S.W.2d 868 (Mo. banc 1992), the Supreme Court considered a similar case involving an automobile accident in Tennessee. The court instructed:

> Even though we have concluded that the substantive law of Tennessee should control the basic determination of liability in this case, the question of which statute of limitations should control remains. Under *Kennedy v. Dixon* and the Restatement

(Second) of Conflict of Laws, the conflict analysis is made issue by issue in terms of which state has the most significant relationship to the occurrence and the parties with respect to that particular issue. The General Assembly of Missouri answered the statute of limitations question through enactment of section 516.190, RSMo 1986, the Missouri borrowing statute[.] [4]

*Id.* at 870–71. Even if the Wallaces were correct that Missouri has the most significant contact with their accident—and we are not saying they are incorrect—§ 516.190 would make the Indiana statute of limitations applicable.

The trial court correctly applied the Indiana statute of limitations and dismissed the Wallaces' petition as untimely. We affirm.

All concur.

---

1. All references to statutes are to the Missouri Revised Statutes of 1986.

2. Missouri's five-year statute of limitations for personal injuries is in § 516.120(4).

3. Indiana Code § 34–1–2–2(1).

4. The Supreme Court noted that § 516.300 makes an exception for when a foreign statute has a "built-in" statute of limitations. This exception does not apply here.