Inez L. PERKINS, Plaintiff,

v.

PHILADELPHIA LIFE INSURANCE COMPANY, Defendant.

No. 83–0350–CV–W–5.

United States District Court, W.D. Missouri, W.D.

March 5, 1984.

G. Stephen Long, Brian T. Howes, Shughart, Thomson & Kilroy, Kansas City, Mo., for plaintiff.

Stephen B. Sutton, Gage & Tucker, Kansas City, Mo., for defendant.

### ORDER AND MEMORANDUM

SCOTT O. WRIGHT, District Judge.

Plaintiff has brought this diversity action pursuant to 28 U.S.C. § 1332, alleging that the defendant has vexatiously refused to pay her benefits under a life insurance policy. Defendant contends that it properly refused to pay benefits. Trial was held before the Court on January 26, 1984. After careful consideration of the evidence and applicable law, the Court finds that the plaintiff is entitled to the insurance benefits, but that the defendant's refusal to pay was not vexatious, arbitrary or unreasonable. For the reasons stated, judgment is entered for plaintiff and against defendant on plaintiff's claim for insurance benefits, and judgment is entered for the defendant and against the plaintiff on plaintiff's claim for vexatious refusal to pay.

### Findings of Fact

1. The plaintiff is a citizen of the State of Kansas.

2. The defendant is a Pennsylvania corporation, with its principal place of business in Pennsylvania. The defendant is and at all times material hereto was licensed to transact business in the State of Missouri.

3. The plaintiff was the named beneficiary under defendant's life insurance policy No. 3126181 at the time of the insured Raymond M. Perkins' death.

4. At all material times Raymond M. Perkins was the president of TEC, Inc., a Missouri corporation.

5. On or about December 5, 1980, TEC, Inc. submitted an Adoption and Participation Agreement to the defendant, Philadelphia Life Insurance Company. The Adoption and Participation Agreement was executed by Raymond M. Perkins and provided that TEC, Inc. elected to become a Participation Employer in the PLICO 79 trust. The Adoption and Participation Agreement and the PLICO 79 Trust constituted a plan of group term life insurance under 26 U.S.C. § 79. TEC, Inc. entered into the plan of group term insurance to provide benefits to its employees and to obtain favorable tax treatment.

6. The Adoption and Participation Agreement and PLICO 79 Trust supplemented a plan of group term life insurance which TEC, Inc. had with Mutual Benefit Life Insurance Company by increasing the total amount of group term life insurance coverage from $50,000 to $100,000 for those employees classified as President.

7. On or about December 5, 1980, TEC, Inc. and Philadelphia Life Insurance Company executed an Underwriting Agreement through which Philadelphia Life Insurance Company agreed to provide pre-retirement and post-retirement group term life insurance for eligible employees of TEC, Inc. according to the terms of that Agreement.

8. On or about December 1, 1980, Philadelphia Life Insurance Company issued a Certificate of Participation certifying that Raymond M. Perkins was a participant in a plan of group term life insurance established by TEC, Inc., which provided continuing group term life insurance during the lifetime of eligible participants in the plan.

9. Raymond M. Perkins executed an application for a policy of life insurance on December 5, 1980 at the office of TEC, Inc., located at 3170 Mercier, Kansas City, Missouri.

10. On or about January 21, 1981, the defendant issued its life insurance policy No. 3126181 effective December 1, 1980, with Raymond M. Perkins designated as the insured and owner of the policy.

11. The life insurance policy was delivered to Raymond M. Perkins at the offices of TEC, Inc. in Missouri.

12. The defendant stamped a notice on the suicide exclusion clause in the main body of the policy providing as follows: "See endorsement attached;" and the defendant attached an endorsement to the policy regarding whether and under what circumstances suicide was a defense to payment of policy benefits.

13. Defendant attached an endorsement to the policy providing that the policy was issued under a plan of group term life insurance established by TEC, Inc. pursuant to 26 U.S.C. § 79. Premium payments were to be made by TEC, Inc. to provide continuing group term life insurance coverage on the life of Raymond M. Perkins.

14. TEC, Inc. paid life insurance premiums due under the policy, was entitled to a deduction for such payments under 26 U.S.C. § 79, and could terminate the policy at any time. The defendant looked to TEC, Inc. for payment of the premiums.

15. Raymond M. Perkins qualified for favorable tax treatment under 26 U.S.C. § 79.

16. At all material times, Raymond M. Perkins was a resident and citizen of Kansas.

17. At all material times, TEC, Inc. was a corporation organized and existing under the laws of the State of Missouri; accordingly, TEC, Inc. was a resident and citizen of Missouri.

18. The defendant's policy No. 3126181 was in force and effect at the time of Mr. Perkins' death on July 5, 1981.

19. By letter dated October 7, 1981, the plaintiff requested payment of the policy proceeds and supplied the defendant with a beneficiary proceeds form, a death certificate, and a copy of the coroner's report.

20. The plaintiff delivered to Philadelphia Life Insurance Company a proof of death form dated November 17, 1981. The proof of death form was enclosed in a letter to the defendant dated November 25, 1981.

21. By letter of December 24, 1981, the defendant requested information to establish the citizenship of Raymond M. Perkins at the time of his death.

22. Plaintiff supplied information to the defendant regarding Raymond M. Perkins' residence by letter dated March 10, 1982.

23. On or about April 27, 1982, the defendant sent a check to the plaintiff in the amount of $414.44 representing payment of the premiums paid on policy No. 3126181 plus interest from the date of death of Raymond M. Perkins. The plaintiff has not accepted such payment.

24. The defendant believed that the plaintiff was unentitled to the insurance benefits because the insured was a resident of Kansas and because policy No. 3126181 listed the insured Raymond M. Perkins as the owner of the policy.

25. The defendant's failure to pay the plaintiff benefits under policy No. 3126181 was not vexatious, arbitrary, or unreasonable, but based on a reasonable belief that the insured's suicide was a defense to payment under the policy.

## CONCLUSIONS OF LAW

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

2. The law of the State of Missouri governs.

3. The defendant's policy No. 3126181 issued pursuant to the plan of group term life insurance between Philadelphia Life Insurance Co. and TEC, Inc., was issued to TEC, Inc., a Missouri citizen, as part of the plan to provide group term insurance coverage for employees of TEC, Inc., within the meaning of Mo.Rev.Stat. § 376.620.

4. Since Policy No. 3126181 was issued to TEC, Inc., a citizen of Missouri, the policy must be enforced according to applicable Missouri law which eliminates suicide as a defense to payment of the policy proceeds.

5. The plaintiff is entitled to policy proceeds in the sum of $50,000.00.

6. The defendant's refusal to pay the policy benefits was not vexatious within the meaning of Mo.Rev.Stat. § 375.420. The plaintiff, therefore, is not entitled to additional damages for vexatious refusal to pay or to reasonable attorney's fees.

## OPINION

Plaintiff filed this action pursuant to 28 U.S.C. § 1331, alleging that the defendant refused to pay her benefits under a life insurance policy issued by the defendant. Plaintiff further alleges that the defendant's refusal to pay was vexatious. The complaint prays for $50,000 plus interest from the date of the insured's death, statu-

tory damages pursuant to Mo.Rev.Stat. § 375.420, attorney's fees, and costs.

### Plaintiff's Claim for Benefits

■ The law of Missouri governs this case. Raymond M. Perkins executed an application for a policy of life insurance on December 5, 1980 at the office of TEC, Inc., located at 3170 Mercier, Kansas City, Missouri. On January 21, 1981, insurance policy No. 3126181, effective December 1, 1980, was issued by the defendant. The policy was delivered to Raymond M. Perkins, at the offices of TEC, Inc. in Missouri. The policy was issued under a plan of group term life insurance established between TEC, Inc., a Missouri corporation and the defendant Philadelphia Life Insurance Company. Missouri law employs lex loci contractus analysis to determine which law applies in insurance contract suits. *Miller v. Home Insurance Co.*, 605 S.W.2d 778, 779 (Mo. En banc 1980). The defendant does not dispute the application of Missouri law.

The sole issue on plaintiff's claim for benefits is whether the insurance policy under which plaintiff claims benefits was issued to a citizen of the State of Missouri within the meaning of Mo.Rev.Stat. § 376.-620. Section 376.620 provides that

> [I]n all suits upon policies of insurance on life hearafter issued by any company doing business in this state, to a citizen of this state, it shall be no defense that the insured committed suicide ... and any stipulation in the policy to the contrary shall be void.

Mo.Rev.Stat. § 376.620. The statute protects Missouri citizens who purchase life insurance policies from companies doing business in Missouri. The residence of the insured or of the beneficiary is irrelevant. The State of Missouri has a valid interest in protecting her citizens by providing that suicide will not be a defense under any contract issued to a Missouri citizen by a company doing business in Missouri. The statute assures that claims of suicide cannot be used by insurance companies to avoid liability. The law is not designed to protect the insured, but to protect the Missouri citizen who procured the policy. *Miller v. Home Insurance Co.*, 605 S.W.2d 778, 779–80 (Mo. En banc 1980).

■ In the instant case the policy in question was issued under a plan of group term life insurance established between TEC, Inc., a Missouri corporation, and Philadelphia National Life Insurance Company. Within the plan for group term life insurance, the defendant committed itself to provide insurance to the president of TEC, Inc. The policy issued pursuant to the plan provided pre-retirement coverage upon the life of Raymond M. Perkins, president of TEC, Inc. Premium payments were to be made by TEC, Inc. to provide continuing group term life insurance coverage upon the life of Raymond M. Perkins. The premium payments were designed to qualify for favorable tax treatment under 26 U.S.C. § 79. TEC, Inc. made premium payments on the policy and was entitled to a deduction for such payments. The policy in question was issued, within the meaning of Mo.Rev.Stat. § 376.620, to TEC, Inc., a Missouri citizen. Because the policy was issued to a Missouri citizen, the insured's alleged suicide is no defense to payment under the policy. Accordingly, the plaintiff is entitled to the insurance benefits since suicide is the only defense raised by the defendant.[1]

### Vexatious Refusal

■ The defendant reasonably refused to pay under the instant policy because there was a substantial open question of fact and law. There is a conflict between the Missouri suicide statute and the Missouri Department of Insurance Regulation No. 13.11. Contrary to the clear language of the statute, Insurance Regulation No.

---

1. The defendant does not contend that the insured contemplated suicide when the application for insurance was made.

13.11 provides that suicide is not a defense if the *insured* is a Missouri citizen. The Department of Insurance requires insurance companies who do business in Missouri to place an endorsement in their policies stating that suicide is not a defense when the *insured* is a Missouri citizen. The Department's regulation and policy conflicts with the clear language of the Missouri statute and with Missouri case law. The Department's regulation, however, creates an ambiguous and confusing situation for insurance companies.

Furthermore, the defendant's position that the insurance policy in question was issued to Raymond M. Perkins, a Kansas resident, was not an unreasonable contention. An insurer is subject to damages under Mo.Rev.Stat. § 375.420 only if the refusal to pay was without any reasonable or probable cause or excuse. *Columbia Union National Bank v. Hartford Accident and Indemnity Co.*, 669 F.2d 1210, 1214 (8th Cir.1982).

■ Applying the foregoing facts to the applicable legal standards, the defendant reasonably refused to pay the life insurance proceeds to the plaintiff, and is, therefore, not subject to the penalties of § 375.-420 (R.S.Mo.1978).

In accordance with the foregoing, it is hereby

ORDERED that judgment is entered for the plaintiff and against the defendant in the amount of $50,000 on Count I of the complaint. It is further

ORDERED that judgment is entered for the defendant and against the plaintiff on Count II of the complaint. It is further

ORDERED that the plaintiff submit a brief within ten (10) days supporting her request for interest on the $50,000.00. The brief should discuss the law under which the request is made. The defendant may respond five (5) days thereafter.