**MERRILL MARINE SERVICES, INC., Plaintiff,**

v.

**UNION PLANTERS NATIONAL BANK, Defendant.**

No. 91–0009A(6).

United States District Court, E.D. Missouri, E.D.

Oct. 18, 1991.

Gary T. Sacks, Douglas E. Gossow, Goldstein & Price, St. Louis, Mo., for plaintiff.

Stuart J. Radloff, Radloff & Riske, St. Louis, Mo., William Larsha, Jr., Stephen F. Carter, Memphis, Tenn., for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the parties' cross motions for summary judgment. Plaintiff filed this diversity action seeking monetary damages as a result of defendant's alleged breach of the exclusive listing agreement. Plaintiff has also invoked Rule 9(h) of the Federal Rules of Civil Procedure.

At the Court's request, the parties submitted the following joint statement of stipulated facts:

1. Plaintiff is a Missouri corporation with its principal place of business in St. Louis, Missouri. Defendant is a National Banking Association with its principal place of business in Memphis, Tennessee.

2. The parties to this lawsuit entered into the following listing agreement executed on March 25, 1988:

In consideration of the Agreement of MERRILL MARINE SERVICES, INC. (Broker) to endeavor to obtain a Purchaser or Charterer for the above captained property, the undersigned hereby appoints MERRILL MARINE SERVICES, INC., as the undersigned's agent with the exclusive right to sell or charter the subject property for a price of $2,400,-000.00, or any other price which is agreeable to the undersigned.

If within the period of this Agreement and within two months after the expiration of this Agreement, Broker shall produce a Purchaser or Charterer ready, willing an [sic] able to purchse [sic] or charter for an agreeable price, the undersigned will pay said Broker a commission of 5% on the total sale or charter price. Any participating broker is to be paid by MERRILL MARINE SERVICES, INC. The term of this Agreement shall be for a period of (4) four months from date hereof and shall continue thereafter until terminated by either party on fifteen days notice.

\* Excluded from the above for a period of thirty (30) days are the following: ASHLAND OIL, BRENT TOWING, OLE MAN RIVER TOWING, HOLLYWOOD TOWING, SYSTEM FUELS INC., AND ALTON MARINE SERVICE. ALSO CHAPPY SORY.

3. On June 22, 1988, Defendant reached an oral agreement to charter the four tank barges referred to in the parties' agreement to Ashland Oil Company and on July 28, 1988 reduced that agreement to writing.

4. The terms of Defendant's charter agreement with Ashland Oil Company are reflected in the Barge Charter Party Agreements, dated July 28, 1988, as subsequently modified.

5. The Barge Charter Party Agreements were modified in accordance with the terms contained in the document dated December 5, 1989.

6. Prior to chartering the barges on July 28, 1988, Defendant did not terminate its agreement with Plaintiff.

7. Pursuant to the option to purchase contained in Defendant's Barge Charter Party Agreements with Ashland Oil Company, Defendant on January 4, 1990, sold barge LC–411 to Ashland Oil Company for $240,476.46.

8. On or after July 28, 1988, Merrill learned that the barges had been chartered to Ashland Oil Company.

9. Merrill Marine was in no way involved in the negotiation and/or execution of the Barge Charter Party Agreements between Union Planters and Ashland Oil Company.

In support of their cross motions for summary judgment, the parties offer exhibits, documents, interrogatory answers and affidavits.

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *First Sec. Sav. v. Kansas Bankers Surety Co.*, 849 F.2d 345, 349 (8th Cir.1988). In passing on a motion for summary judgment, a court is required to view the facts and inferences that reasonably may be derived therefrom in the light most favorable to the non-moving party. *Holloway v. Lockhart*, 813 F.2d 874, 878 (8th Cir.1987). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. *Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 392 (8th Cir. 1986). As the Supreme Court has stated:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

At the outset, the Court finds that Missouri law is the state law to be applied to the issue before the Court. The listing

agreement became effective upon plaintiff's executing the listing agreement in Missouri and this agreement was to be performed in Missouri. In a diversity action, a federal district court must apply the choice of law rules of the forum state. *Ewing v. St. Louis–Clayton Orthopedic Group, Inc.*, 790 F.2d 682, 684 (8th Cir. 1986). Missouri has adopted the "most significant relationship" standard as formulated in the Restatement (Second) of Conflicts of Laws (1971). *Id.; Kennedy v. Dixon*, 439 S.W.2d 173 (Mo.1969) (en banc). Under this standard, a choice of law is made based on the predominance of contacts with the state whose law is to prevail. In the section on contracts, the Restatement provides in relevant part that:

(1) The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6.

(2) In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189–199 and 203.

Restatement (Second) of Conflicts of Laws § 188 (1971).

Under the Restatement approach, this Court would apply Missouri law to the issue before the Court unless some other state has a more significant relationship. If other states are only involved to a minor degree, the law of the forum should be applied. *Forsyth v. Cessna Aircraft Co.*, 520 F.2d 608, 611–12 (9th Cir.1975). Accordingly, the Court finds that Missouri has the most significant interest in the enforcement of the listing agreement.

■ Missouri law is well-settled with respect to the issue before the Court. Where a contract grants a broker the exclusive right to sell, the owner is precluded from selling the property during the term of the exclusive agency, and if the owner sells during such term, the broker is entitled to the specified commission even if the sale is made by the owner alone. *Feldman v. Goldman*, 164 S.W.2d 634, 639 (Mo.Ct.App. 1942); *Blankenship v. Kiehne*, 225 S.W.2d 166, 169 (Mo.Ct.App.1949); *Byers Bros. Real Estate & Ins. Agency, Inc. v. Campbell*, 329 S.W.2d 393, 396 (Mo.Ct.App.1959). *See also* Restatement (Second) of Agency § 448 comment b (1958) ("If the principal appoints the agent to an 'exclusive agency' or grants him an exclusive right to sell, and thereafter ... the result is accomplished ... by the principal himself, the agent is entitled to damages ...").

■ Upon review of the listing agreement in this case, the Court finds that the agency was not only made exclusive as to other brokers, but the authority to procure a purchaser or charterer was made exclusive, with the only exception being the provision allowing defendant thirty days in which to complete negotiations with the listed parties on the agreement. The Court further finds that by reaching an agreement with Ashland Oil Company to charter the barges during the term of the agreement and after the expiration of the thirty day reservation period, defendant breached the exclusive listing agreement and plaintiff is therefore entitled to its 5 per cent commission. The Court concludes that there is no ambiguity in the agreement as a result of the parties including a provision outlining how the broker must procure a purchaser or charterer ready, willing and able to purchase or charter in order to earn its commission as well as the provision

containing the exclusive right to sell. In contrast, the exclusive right to sell provision specifies the circumstances by which the broker is entitled to its commission regardless of whether plaintiff earned it by procuring a purchaser or charterer. Accordingly, the Court finds that defendant relinquished its right to sell or charter to Ashland Oil Company or any other party after the thirty day reservation period expired.

The Court computes plaintiff's damages as follows. Plaintiff shall recover 5 per cent of the charter hire during the first sixteen months of the Charter Party Agreements, commencing on August 1, 1988, and after this time period, plaintiff shall recover the modified, monthly charter hire due to the sale of one of the barges. Plaintiff shall also recover 5 per cent of that modified charter hire for the remaining time until the date of judgment as well as 5 per cent of the monthly charter hire until the Charter Party Agreements expire or 5 per cent of the sale price on the three remaining barges, LC–409, LC–410 and LC–412, covered under the agreements. Plaintiff shall further recover 5 per cent of the sale price of Barge LC–411.

The general rule of the Eighth Circuit in admiralty cases is that prejudgment interest should be routinely awarded in the absence of exceptional or peculiar circumstances. *Cargill, Inc. v. Commercial Union Ins. Co.*, 889 F.2d 174, 181 (8th Cir. 1989) (citing *Federal Barge Lines, Inc. v. Republic Marine, Inc.*, 616 F.2d 372, 373 (8th Cir.1980)). Accordingly, the Court finds that prejudgment interest is in order and awards it at 5.42 per cent from August 1, 1988 to the date of judgment.

### JUDGMENT

Pursuant to the findings of fact and conclusions of law filed on this date herein and hereby incorporated into and made a part of this judgment,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Merrill Marine Services Inc.'s cross motion for summary judgment shall be and it is granted and plaintiff shall recover of defendant the sum as outlined in the accompanying memorandum, with interest thereon at the rate of 5.42 per cent per annum from August 1, 1988 to the date of judgment.

IT IS FURTHER ORDERED that defendant Union Planters National Bank's motion for summary judgment shall be and it is denied.