802 F.Supp. 235 (1992)
BECKER METALS CORP., Plaintiff,
v.
TRANSPORTATION INSURANCE CO., and Valley Forge Life Insurance Co., Defendants.
No. 91 0802 C(5).
United States District Court, E.D. Missouri, E.D.
September 25, 1992.
*236 Norah Ryan, Robert Espstein, Susman, Schermer, Rimmel & Shifrin, St. Louis, Mo., for plaintiff.
Donald L. James, Brown & James, P.C., St. Louis, Mo., Stephen Sonderby, Peter Bora, Haskell & Perrin, Chicago, Ill., for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
This matter is before the court upon defendants Transportation Insurance Company's (hereinafter "Transportation") and Valley Forge Life Insurance Company's (hereinafter "Valley Forge") motion for summary judgment and plaintiff Becker Metals Corporation's (hereinafter "Becker") motion to deny summary judgment, or in the alternative, to continue defendants' summary judgment motion in order to allow plaintiff to obtain further discovery.
Plaintiff Becker has brought this insurance coverage action seeking indemnification and defense from defendants Transportation and Valley Forge in a proceeding brought against Becker by the United States Environmental Protection Agency (hereinafter "EPA"). Plaintiff Becker is a Missouri corporation engaged in the business of buying and selling metal scrap. Defendant Transportation is an Illinois corporation which engages in the sale of insurance in the State of Missouri. Defendant Valley Forge is a Pennsylvania corporation that also engages in the sale of insurance in the State of Missouri. Becker alleges that in October of 1975, Transportation issued a Comprehensive General Liability *237 (CGL) insurance policy to Becker. In addition, Becker avers that Valley Forge also issued a CGL insurance policy to Becker in October of 1982. Becker alleges that both policies provide as follows:
The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence.
Becker also alleges that the policies provided that defendants had the right and duty to defend any suit against Becker seeking damages on account of property damage, even if the allegations of the suit were groundless, false or fraudulent. In December of 1990, Becker was served with a CERCLA § 106 Unilateral Administrative Order by the EPA, naming Becker a potentially responsible party with respect to the cleanup of a land reclamation center in Granite City, Illinois. Becker sent spent lead batteries to the site between 1970 and 1983.
Becker notified the defendants (through CNA Insurance Co. (hereinafter CNA)) of the EPA notices by letters dated July 17, 1990, August 7, 1990, September 4, 1990, and December 6, 1990. Defendants, by CNA, denied coverage by letters dated August 24, 1990 and December 19, 1990. Becker has brought this declaratory judgment action against Transportation and Valley Forge seeking an order declaring that Transportation and Valley Forge have a duty to indemnify and defend Becker Metals in the EPA proceeding. Defendants Transportation and Valley Forge have filed a motion for summary judgment in this cause on the grounds that defendants have no duty to defend plaintiff in the EPA proceeding against plaintiff because the EPA proceeding is not a "suit" requiring a defense under the terms of the alleged policies as a matter of law, and defendants further have no duty to indemnify plaintiff for any cleanup costs assessed against Becker in the EPA proceeding because such cleanup costs are not "damages" entitled to indemnification under the alleged policies of insurance as a matter of law. Becker moves to deny defendants' motion for summary judgment, or in the alternative, to continue defendants' motion for summary judgment in order for plaintiff to obtain further discovery.
The Court will first consider plaintiff's motion to continue defendants' motion for summary judgment to allow plaintiff to obtain further discovery. Plaintiff argues that defendants have failed to produce any policy documents, declarations of coverage, endorsements, or specimen policies for the relevant time period from 1970 to 1983, and that without such information, a ruling on defendants' motion for summary judgment would be premature.
The policy language that is alleged in Becker's Complaint is the exact policy language that defendants rely on in their motion for summary judgment. "[T]he party filing the affidavit [under Rule 56(f) for additional discovery time] must show how additional time will enable him to rebut the movant's allegations of no genuine issue of fact." Patty Precision v. Brown & Sharpe Manufacturing Co., 742 F.2d 1260, 1264 (10th Cir.1984). Becker has failed to show how this information could aid its position in opposing defendants' motion for summary judgment. The defendants have asked this court to assume that the policy language alleged by Becker in its complaint is true for purposes of this motion for summary judgment. Additionally, the defendants' have subsequently provided documents which establish that for the time periods of 1977 to 1978, 1982 to 1985 and 1987 to 1988, the insurance policies contained essentially the same language as that alleged by Becker. Thus, additional discovery by plaintiff showing that the policy language is that which plaintiff alleges is unnecessary for this court to rule on defendants' motion for summary judgment.
As a federal court sitting in diversity, this court is required to apply the forum state's conflict-of-law rules. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Missouri has adopted § 188 and § 193 of the Restatement (Second) of Conflict of Laws in casualty insurance cases. Crown *238 Center Redevelopment Corp. v. Occidental Fire & Casualty Co. of North Carolina, 716 S.W.2d 348 (Mo.Ct.App.1986). Section 188 of the Restatement (Second) provides in pertinent part:
2. In the absence of an effective choice of law by the parties (see § 187), the contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
a. the place of contracting,
b. the place of negotiation of the contract,
c. the place of performance,
d. the location of the subject matter of the contract and
e. the domicile, residence, nationality, place of incorporation and place of business of the parties.
These contacts are to be evaluated according to their relative importance with respect to the particular issue.
3. If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied, except as otherwise provided in §§ 189-199 and 203.
Section 193 provides:
Contracts of Fire, Surety or Casualty Insurance
The validity of a contract of fire, surety or casualty insurance and the rights created thereby are determined by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the transaction and the parties, in which even the local law of the other state will be applied.
Without indicating how the application of Illinois law would change the result here, Becker argues that Illinois substantive law is applicable because the present claim involves an Illinois site and CNA is headquartered in Chicago, Illinois. In Crown Center Redevelopment Corp., 716 S.W.2d 348, the court noted that "§ 193 emphasizes application of the law of the state which the parties understood to be the principal location of the insured risk." Id. at 358 (emphasis added). The court then went on to note that when there are multiple risk policies which insure against risks located in different states, the Restatement approach would treat each insured risk as though it were insured by a separate policy and would apply the law of the state where the risk was located. Becker argues that because the present claim involves an Illinois site, Crown Center would require that it be treated as if it were insured by a separate policy and the law of Illinois should apply. However, the principal location of the insured risk was Missouri, since all of Becker's facilities and offices are located in St. Louis, Missouri. The multiple risk approach addressed in Crown Center would only be applicable if there were multiple principal locations of the insured risk (such as separate facilities in different states) and neither party has indicated that a separate principal location of the insured risk was in Illinois.
Applying § 188 and § 193 to the case at bar mandates that the substantive contract law of Missouri be applied in interpreting the terms of the policies issued to Becker. The policy issued by Valley Forge specifically states that it provides coverage for liability which Becker may incur at its St. Louis, Missouri facility. Further, Becker is incorporated in Missouri and all of its offices and facilities are located in St. Louis, Missouri. Moreover, the insurance contracts were negotiated through a Missouri agent and the Valley Forge policy was underwritten out of the St. Louis branch office of CNA Insurance Companies and was issued out of the St. Louis branch. Thus, Missouri law should apply because it is the principal location of the insured risk and it is the state with the most significant relationship under § 188.
The court will now consider defendants' motion for summary judgment. Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has *239 established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). With these principles in mind, the Court turns to an examination of the facts.
First, defendants argue that there are no genuine issues of material fact as to defendants' duty to indemnify Becker based upon the policy language alleged by Becker. Under Missouri rules of construction, the language in an insurance contract is given its plain meaning if the language is plain and unambiguous. Dieckman v. Moran, 414 S.W.2d 320, 321 (Mo.1967). "If the language is unambiguous, the policy must be enforced according to that language." Robin v. Blue Cross Hospital Service, Inc., 637 S.W.2d 695, 698 (Mo. 1982). Becker alleges that the policies issued by Transportation and Valley Forge contained the following provision:
The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence.
Based upon this clause, Becker argues that the amounts which it may be ordered to pay for the cleanup of the Granite City site are payable "as damages" under the Transportation and Valley Forge policies and, therefore, defendants have a duty to indemnify Becker for the cleanup costs.
In Continental Ins. Cos. v. Northeastern Pharmaceutical Co., Inc. ("NEPACCO"), 842 F.2d 977 (8th Cir.1988), cert. denied, 488 U.S. 821, 109 S.Ct. 66, 102 L.Ed.2d 43 (1988), the Eighth Circuit Court of Appeals addressed a CGL policy containing essentially the same "as damages" clause as that alleged by Becker in the present case to determine whether the "as damages" clause covered cleanup costs incurred under CERCLA. The Court of Appeals ruled en banc that the claims for cleanup costs under CERCLA were not claims for "damages," and would therefore not be covered under the CGL policies. Id. at 987. The court reasoned that the word "damages" is not ambiguous in the insurance context. Id. at 986. "Black letter insurance law holds that claims for equitable relief are not claims for `damages' under liability insurance contracts." Id. The court further noted that the insurer "did not agree to pay `all sums which the insured shall become legally obligated to pay.'", but rather "all sums which the insure *240 shall become legally obligated to pay as damages." Id.
In the present case, Becker argues that defendants have a duty to indemnify Becker for cleanup costs incurred under CERCLA based upon an "as damages" clause essentially the same as that in NEPACCO. Plaintiff argues that although NEPACCO held that cleanup costs under CERCLA were not a claim for "damages" under a CGL policy, the Court of Appeal's ruling is inconsistent with the rulings in other circuits which find that cleanup costs are covered and is inconsistent with Missouri law. In U.S. Fidelity and Guaranty Co. v. Citizens Electric Co., No. 91-2834EM (Eighth Circuit Court of Appeals), the Eighth Circuit Court of Appeals addressed this issue and held that until the Court of Appeals overruled NEPACCO en banc or a Missouri appellate court concludes that the Court of Appeals has misinterpreted Missouri law, the Court of Appeals must follow NEPACCO. This court finds, therefore, that based upon the NEPACCO ruling and the policy language alleged by Becker, there is no genuine issue of material fact as to whether defendants do not have a duty to indemnify Becker for cleanup costs under CERCLA for the Granite City site.
Next, defendants argue that there are no genuine issues of material fact as to defendants' duty to defend plaintiff in the EPA proceeding against plaintiff. Defendants argue that the EPA proceeding against Becker is not a "suit" requiring a defense under the policy terms alleged by Becker. Plaintiff argues that the EPA proceeding is a "suit" within the meaning of the policy language and that defendants' duty to defend is broader than defendants' duty to indemnify.
Although the duty to defend is broader than the duty to indemnify, there is no duty to defend imposed on the insurer if the claim is not within the coverage of the policy. S. Spicer Motors v. Federated Mut. Ins., 758 S.W.2d 191, 193 (Mo.Ct.App. 1988). "Ordinarily an insurer's duty to defend is determined from the provisions of the policy and the allegations of the petition charging liability of the insured." Id. "If the petition against the insured alleges facts not within the coverage of the insurance policy, no duty devolves upon the insurer to defend." Id. In the present case, defendants have no duty to indemnify Becker for cleanup costs pursuant to a CERCLA order and, therefore, the cleanup costs alleged in Becker's complaint are not within the coverage of the insurance policies issued by defendants. Thus, there is no duty on defendants to defend Becker against allegations not within the coverage of the insurance policy.[1]
In addition, the United States District Court for the Eastern District of Missouri addressed essentially the same "suit" policy language in Aetna Casualty & Surety Co. v. General Dynamics Corp., Case No. 88-2220 C(A), 1992 WL 380494, slip op. (December 12, 1989). The Court noted that "the term `suit' as utilized ... in the insurance policies, is not ambiguous in terms of the insurance policy, nor is it synonymous with [the insured] being notified of the fact that it had been named as a potentially responsible party (PRP) [in a CERCLA action], with respect to the proposed clean-up of hazardous wastes to be performed on the above referenced sites, so as to trigger [the insurer's] duty to defend [the insured]." Id. at p. 14. "The mere fact that [the insured] informed [the insurer] that it might be liable for hazardous waste clean-up costs, penalties and damages under CERCLA ... is not construed by this court to mean that such notification alerted [the insurer] of a `suit' as required by the parties' insurance policies." Id.
This Court finds, therefore, that there is no genuine issue of material fact as to defendants' duty to defend Becker in the EPA enforcement action based upon the alleged policy language because the cleanup *241 costs associated with the enforcement action are not within the coverage of the CGL insurance policy and because the EPA enforcement action is not a "suit" that is entitled to a defense under the policy language alleged in Becker's Complaint.
Finally, plaintiff argues that defendants' motion for summary judgment should be denied because defendants' have waived and are estopped from denying a duty to defend Becker. Plaintiff cites to Graham v. Gardner, 233 S.W.2d 797, 802 (Mo.Ct.App.1950) in support of its argument that defendants' have waived the ground that the EPA enforcement action is not a "suit" as a basis for denying coverage. In Graham, however, the Missouri Court of Appeals stated, "In Missouri the coverage of a policy cannot be extended by waiver." Id. citing Rosenburg v. General Accident Fire & Life Assurance Co., 246 S.W. 1009, 1012 (Mo.Ct.App.1922).
Becker further argues that defendants are estopped from denying their duty to defend the EPA enforcement action based upon a defense which one or both defendants provided to Becker on an environmental claim which arose in Corpus Christi, Texas. "[T]he general rule is that the doctrine[] of ... estoppel based upon the conduct of the insurer [is] not available to bring within the coverage of a policy risks not covered by its terms, or risks expressly excluded therefrom." Graham, 233 S.W.2d at 802. Since defendants' duty to defend is outside the coverage of the policies alleged in the Complaint, estoppel cannot be used to create coverage where none would otherwise exist. In addition, the Texas claim is being defended by defendants' pursuant to a reservation of rights.
Thus, it is the opinion of this Court that plaintiff's motion to continue defendants' motion for summary judgment should be denied because plaintiff has failed to show how additional discovery time would aid it in rebutting defendants' motion for summary judgment. In addition, defendants' motion for summary judgment should be granted because there is no genuine issue of material fact as to defendants' duty to defend or indemnify plaintiff in the underlying EPA enforcement action or as to plaintiff's arguments that defendants' have waived and are estopped from denying a duty to defend Becker.
NOTES
[1] Plaintiff cites Avondale Industries, Inc. v. Travelers Indemnity Co., 887 F.2d 1200, 1206 (2d Cir.1989) in support of its argument that such an action is a "suit." In Avondale, however, the court also determined that equitable relief (such as cleanup costs) were within the insured's policy coverage. Id. at 1207.