**In re MASTER MORTGAGE INVESTMENT FUND, INC., Debtor.**

**MASTER MORTGAGE INVESTMENT FUND, INC., Plaintiff,**

v.

**AMERICAN NATIONAL FIRE INSURANCE COMPANY, Defendant.**

**Bankruptcy No. 92–41306–2–11. Adv. No. 92–4286–2–11.**

United States Bankruptcy Court, W.D. Missouri.

March 9, 1993.

Bruce E. Strauss, Richard E. McLeod, Grace L. Spezia, Kansas City, MO, for defendant.

John P. Kreis, Stroock, Stroock & Lavan, Los Angeles, CA, John W. McClelland, Wirken & King, Kansas City, MO, for debtor/plaintiff.

## MEMORANDUM OPINION

FRANK W. KOGER, Chief Judge.

This case comes before the court on Defendant American National Fire Insurance Company's (American National) motion for partial summary judgment on Counts II, III, IV, V, VI, VII, VIII, and IX. American National argues that Counts II, III, V, VI, VII, VIII, and IX may be disposed of by applying the Texas statute of limitations to those claims, but Plaintiff Master Mortgage Investment Fund, Inc. (Master Mortgage) argues for application of the law of the state of Kansas with the result that those causes of action would not be time barred. The Court, therefore, is called upon to resolve the threshold issue of whether Master Mortgage's adversary action is time barred.

### FACTS

Master Mortgage made a loan to Hotel Management Corporation of Texas to acquire a hotel property in Euless, Texas. American National issued a policy of insurance to insure the hotel property against various hazards including windstorm and hail damage. Master Mortgage was named as the loss payee on that policy. In May of 1989, a windstorm severely damaged the hotel roof. In June of that year, American National settled the roof damage claim with the hotel owner only; Master Mortgage was not informed of the damage or of the claim settlement in contravention of the loss payee clause in the insurance policy. The hotel owner had the roof damage repaired, but, as the alleged result of alleged inadequacies in the repair job, the roof subsequently leaked and caused severe damage to the interior of the hotel building. Eventually, the hotel owner defaulted on its debt to Master Mortgage, and in February of 1990 Master Mortgage foreclosed on the debt and purchased the property at the foreclosure sale. Because of the extensive water damage to the property, Master Mortgage ceased operation of the hotel in March of 1990.

Master Mortgage originally filed suit against American National on October 3, 1990, in the District Court of Dallas County Texas. Master Mortgage filed its voluntary Chapter 11 petition on April 17, 1992. On August 31, 1992, Master Mortgage voluntarily dismissed the Texas action and, on the same date, filed the instant suit, alleging substantially the same causes of action, in the bankruptcy court.

## DISCUSSION

Summary judgment is proper whenever there is no factual dispute and the case may be decided as a matter of law only. Fed.R.Civ.P. 56(c); Bankr.R. 7056. The evidence must be viewed in the light most favorable to the party opposing the summary judgment motion, Master Mortgage in this case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Froholm v. Cox*, 934 F.2d 959, 961 (8th Cir.1991).

*Statute of Limitations*

■ The issue that is most prominently raised in this summary judgment motion is whether or not Master Mortgage's causes of action are time barred by the Texas statute of limitations. Missouri considers general statutes of limitation to be procedural law rather than substantive. *See Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852, 853 (1943); *State ex rel. Research Medical Center v. Peters*, 631 S.W.2d 938, 946 (Mo.Ct.App.1982). Missouri courts as well as federal courts sitting in Missouri apply Missouri statutes of limitation to cases being heard in Missouri even though another state's substantive law may be applied to decide the merits of the controversy. *Sun Oil Co. v. Wortman*, 486 U.S. 717, 722, 108 S.Ct. 2117, 2121, 100 L.Ed.2d 743 (1988) ("This Court has long and repeatedly held that the Constitution does not bar application of the forum State's statute of limitations to claims that in their substance are and must be governed by the law of a different State.") The Court will, therefore, apply the Missouri statute of limitation to determine whether or not Plaintiff's causes of action are time barred.

■ The Missouri statutes of limitation include a borrowing statute which provides that "Whenever a cause of action has been fully barred by the laws of the state, territory or country *in which it originated,* said bar shall be a complete defense to any action thereon, brought in any of the courts of this state." Mo.Rev.Stat. § 516.190 (1986) (emphasis added). Our task, then, is to determine where Master Mortgage's alleged causes of action originated. The answer to that question will tell us whether or not the causes of action are time barred in that jurisdiction, and are thus time barred under Missouri's borrowing statute.

The determination of where a cause of action accrued is not a conflict of laws question because the essence of a conflict of laws problem is determining whether the interests of other jurisdictions are strong enough to cause the forum state to displace the use of its own law in favor of the law of another jurisdiction. It is, rather, a question of interpreting the meaning and application of § 516.190, Missouri's borrowing statute. By enacting § 516.190, the Missouri Legislature has effectively precluded application of choice of law principles to the statute of limitations issue. *Thompson v. Crawford*, 833 S.W.2d 868, 872 (Mo.1992) (en banc); *Brown v. Westinghouse Electric Corp.*, 803 S.W.2d 610, 613 (Mo.Ct.App.1990).

■ A cause of action originates for the purposes of § 516.190 at the place where plaintiff's alleged damages stemming from the pleaded cause of action are sustained and capable of ascertainment. *See Thompson v. Crawford*, 833 S.W.2d 868, 871 (Mo.1992) (en banc); *Dorris v. McClanahan*, 725 S.W.2d 870, 871 (Mo. 1987) (en banc) *overruled on other grounds by Thompson v. Crawford*, 833 S.W.2d 868 (Mo.1992). In tort cases, it is clear that it is irrelevant where the act causing the injury occurred. What is important is the place that the injury became manifest. In *Renfroe v. Eli Lilly & Co.*, 686 F.2d 642, 646 (8th Cir.1982), the plaintiffs were exposed to DES in Missouri. Years later, one plaintiff was diagnosed with cancer in California and the other was

diagnosed with cancer in Ohio. The court applied the California and Ohio statutes of limitation because plaintiff's alleged injuries did not become manifest until their cancers were diagnosed in those states. In *Wayne v. Lederle Laboratories (In re Tetracycline Cases)*, 729 F.Supp. 662, 665 (W.D.Mo.1989), the Kansas statute of limitation was applied by way of Missouri's borrowing statute even though tetracycline was prescribed in Missouri, it was purchased in Missouri, it was ingested in Missouri, and the causal connection between the drug ingestion and resulting injury was diagnosed in Missouri. The critical factor was that plaintiff was a Kansas resident and located in Kansas when she first discovered the injury itself.

 The essence of Master Mortgage's claim is that American National failed to honor its promise to pay Master Mortgage as the loss payee on the insurance policy. The Court has been unable to locate Missouri cases dealing precisely with where such a cause of action accrues when such injury arises from the failure to perform a promise to pay, but other jurisdictions have addressed such an issue and have found that the injury is inflicted and, therefore, the cause of action accrues at the place where payment was to be made. In *Stanbury v. Larsen*, 803 P.2d 349, 353 (Wyo. 1990), the Wyoming Supreme Court found that a cause of action on a promissory note executed in California and payable in Wyoming accrued in Wyoming. In *Bank of Boston International v. Arguello Tefel*, 626 F.Supp. 314, 317 (E.D.N.Y.1986), the federal district court sitting in New York applied the New York borrowing statute to determine that the Massachusetts statute of limitations must be applied where payment on a promissory note executed by a Nicaraguan defendant was payable at Boston. In *Baker v. First National Bank*, 603 P.2d 397, 398 (Wyo.1979), where the mortgaged property and the mortgagor are located in Wyoming and mortgagee is located in Colorado, the Wyoming Supreme Court found that a cause of action arising

from failure to pay the mortgage note accrued in Colorado for purposes of the Wyoming borrowing statute. In *Aviation Credit Corp. v. Batchelor*, 190 So.2d 8, 11 (Fla.Dist.Ct.App.1966), a Florida court found that a cause of action on a promissory note accrued in Florida where the payor resided out of state but payment was to be made in Florida.

The Court finds that Master Mortgage's alleged injury was sustained and capable of ascertainment in the state of Kansas due to American National's alleged failure to make payment to Master Mortgage as provided for in the loss payee clause at Master Mortgage's place of business in Kansas. Since the cause of action accrued in the state of Kansas, the Missouri borrowing statute directs the Court to the Kansas statute of limitations to determine whether or not Master Mortgage's action is time-barred.

The alleged improper payment was made to the property owner on June 23, 1989. Master Mortgage's original lawsuit was filed on October 3, 1990, in Texas and so was filed less than two years after the earliest possible date that the cause of action could have accrued. Master Mortgage has characterized all of the actions which are the subject of this summary judgment motion as tort actions. Since Kansas prescribes a two year statute of limitations for tort actions, Kan.Stat.Ann. § 60–513(a)(4) (1991 Sup.), Master Mortgage's original lawsuit was timely filed under the Kansas statute of limitations.[1]

 In addition to its two year general statute of limitation on tort actions, Kansas has a six month saving statute which provides that

> If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff ... may commence a new action within six (6) months after such failure.

---

**1.** The Kansas limitations period on contract actions is five years, Kan.Stat.Ann. § 60–511

(1983), so whether Plaintiffs claims are styled as contract or tort actions does not alter the result.

Kan.Stat.Ann. § 60–518 (1983). This statute has the effect of allowing a litigant who takes a voluntary dismissal of a suit, which was timely filed, to refile the same suit within six month of the dismissal even though the statute of limitations has run since the original suit was filed. In this case, Master Mortgage filed its original lawsuit within the two year statute of limitations, but took a voluntary dismissal on August 31, 1992, after the limitations period had run. On the same day as it dismissed its suit in Texas, Master Mortgage refiled it in this Court. Thus, by operation of the Kansas saving statute, even though the filing of Master Mortgage's suit in this Court took place substantially after the Kansas statute of limitations on tort actions had expired, the refiling is timely because it occurred within the six months allowed by Kan.Stat.Ann. § 60–518 (1983).

The court concludes that this action is not time barred.

*Choice of Law*

The remaining points which American National argues in support of its motion for summary judgment require for the Court to determine what substantive law will apply to the merits of Master Mortgage's claims.

■ This suit involves an Ohio based insurance company doing business nationwide, a Kansas based lender who holds a mortgage on a property in Texas, and an insurance contract entered into between the owners of the Texas property, who are based in Illinois, and the insurance company. In addition, the controversy is to be adjudicated by a bankruptcy court sitting in Missouri. It is fair to say that the Court is presented with a conflict of laws problem. As explained above, a federal court sitting in Missouri and deciding a state law cause of action is required to use Missouri's procedural law. But, as to the substantive issues presented by the case, the forum court must use the law of the jurisdiction which has the most compelling interest in the adjudication of those issues. The choice of which jurisdiction's substantive law that the Court will use affects our decisions on the merits.

■ Federal courts use the choice of law rules of the state in which the court sits. *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 490–98, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Jump v. Goldenhersh*, 619 F.2d 11, 13 (8th Cir.1980). As a federal bankruptcy court sitting in the state of Missouri and deciding a question that will be controlled by state law, this Court must use the choice of law rules used in the state of Missouri.

■ It is clear enough that in tort suits, Missouri has adopted the choice of law rules outlined in the Restatement. *See Kennedy v. Dixon*, 439 S.W.2d 173, 184 (Mo.1969) (en banc); Restatement (Second) of Conflict of Laws § 145 (1971). However, there is much confusion as to what the Missouri conflict of laws rules are to be applied to contract cases. Indeed, some Missouri courts of appeal have stated that *Kennedy v. Dixon* has established the Restatement rules as those to be used in contract cases as well as tort cases. *See, e.g., Frost v. Liberty Mutual Insurance Co.*, 828 S.W.2d 915, 920 (Mo.Ct.App.1992) ("Missouri uses the criteria contained in § 188, The Restatement (Second) of Conflicts of Law (1971), in choice of law situations dealing with contracts."); *Protective Casualty Insurance Co. v. Cook*, 734 S.W.2d 898, 905 (Mo.Ct.App.1987) (prior to *Kennedy v. Dixon*, Missouri followed the substantive law of the place where the contract was entered into, but "with the seminal decision in *Kennedy v. Dixon*, ... adopting the 'most significant relationship' test based upon § 145 of the Restatement (Second) of Conflict of Laws (1971), Missouri has adopted a more flexible approach"). However, as recently as 1980, the Missouri Supreme Court flatly rejected the use of the restatement most significant relationship factors in a case concerning an insurance contract. *Miller v. Home Insurance Co.*, 605 S.W.2d 778, 779–80 (Mo.1980) (en banc). That court stated "Missouri has consistently adhered to lex loci contractus analysis in determining whether to apply § 376.620 and its predecessor statutes to

contracts of insurance."[2] In 1989, the Eighth Circuit recognized *Miller* as holding that lex loci contractus is the rule in Missouri. *Nash v. Krivaja Beechbrook Corp.,* 866 F.2d 1053, 1056 (8th Cir.1989) ("*Miller* holds that the Missouri choice of law rule is lex loci contractus, the location of the contract formation."). But in 1992, without reference to *Miller* or *Nash,* the Eighth Circuit pronounced that it is the Restatement rules that are used in Contracts cases. *Baxter International, Inc. v. Morris,* 976 F.2d 1189, 1195 (8th Cir.1992).

Curiously, since 1980, no Missouri court has cited the *Miller* case either to rely upon it or to distinguish it away. Federal courts, however, engaged in efforts to divine the Missouri choice of law rules, have cited to *Miller* and have come to differing conclusions. In *Buck v. American States Life Ins. Co.,* 723 F.Supp. 155, 158 n. 1 (E.D.Mo.1989), the court decided that *Miller* was limited to group insurance contracts. The court in *Lindhorst v. Avemco Insurance Co.,* 636 F.Supp. 868, 870 n. 3 (E.D.Mo.1986) recognized that there "is some doubt concerning which conflicts of law rule is to be applied to actions on insurance contracts." And the court in *Perkins v. Philadelphia Life Insurance Co.,* 586 F.Supp. 296, 300 (W.D.Mo.1984) *aff'd,* 755 F.2d 632 (8th Cir.1985), found that *Miller* stood for the proposition that Missouri follows the doctrine of lex loci contractus in suits on contracts. Other federal courts simply assert that the Restatement rules apply to choice of law questions involving contracts in Missouri courts without addressing the effect of *Miller* on that assertion. *Baxter International Inc. v. Morris,* 976 F.2d 1189, 1195 (8th Cir.1992); *Becker Metals Corp. v. Transportation Insurance Co.,* 802 F.Supp. 235 (E.D.Mo.1992); *Merrill Marine Services, Inc. v. Union Planters National Bank,* 774 F.Supp. 1207, 1209 (E.D.Mo.1991); *Electrical and Magneto Service Co., Inc. v. AMBAC International Corp.,* 745 F.Supp. 1501, 1504 (W.D.Mo.

1990) *rev'd on other grounds,* 941 F.2d 660 (8th Cir.1991).

Because the question is what conflict of laws rules are recognized in Missouri, this Court will look, first and foremost, to the Missouri Supreme Court for guidance. It is the 1987 case of *Fruin–Colnon v. Missouri Highway and Transportation Commission,* 736 S.W.2d 41, 44 (Mo.1987) (en banc), that best supplies the necessary guidance. In that case, the Missouri Supreme Court specifically applied § 188 of the Restatement to determine the choice of law in a contracts case. It is the only Missouri Supreme Court case this Court has located that referred specifically to the restatement section dealing with contract cases and applied that section. The Court's conclusion that the Restatement analysis is appropriate to both tort and contract issues is reinforced by the 1992 case of *Acapolon Corp. v. Ralston Purina Co.,* 827 S.W.2d 189 (Mo.1992). Although *Acapolon* decides a forum non conveniens issue, in dicta the court speaks of the conflict of laws issue between application of Guatemalan law and Missouri law to the contract issue. The court cites to *Kennedy v. Dixon* and suggests that a most significant relationship analysis would be appropriate in either a contracts or a tort case. In addition, in *State Farm Mutual Automobile Insurance Co. v. MFA Mutual Insurance Co.,* 671 S.W.2d 276, 277 (Mo. 1984), the Missouri Supreme Court applies a most significant relationship analysis to an insurance contract case without specifically stating that it is using § 188 of the Restatement. Thus despite what appears to be considerable confusion as to the appropriate conflict of laws analysis to be used in contract cases, this Court is convinced that the Missouri Supreme Court has made that choice and has chosen to use Restatement principles in either circumstance.

---

**2.** Lex loci contractus is the traditional choice of law rule that recognized the law of the place where the final event occurred that completed the formation of the contract as governing the

contract's validity and operation and the law of the place of the contract's performance as controlling performance issues.

*The Substantive Law of Kansas Applies*

The essence of each of Master Mortgage's pleaded causes of action in Counts II (Negligent Breach of Contract), III (Negligent Concealment), IV (Fraud by Concealment), VII (Breach of Fiduciary Duty), and VIII (Breach of Duty of Good Faith and Fair Dealing), is that American National failed to honor its promise to pay Master Mortgage as the loss payee on the contract of insurance entered into between Hotel Management Group (the Illinois based owner of the Texas motel property) and American National. The basic transaction giving rise to all of the duties pleaded by Master Mortgage in those counts of the complaint is the contract of insurance. Thus, regardless of how the various causes of action are characterized by the parties, for conflict of laws purposes, the Court will treat Counts II, III, IV, VII, and VIII as contract claims.

The basic conflict of laws factors to be considered in any conflict situation are listed in § 6 of the Restatement:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result and

(g) ease in the determination and application of the law to be applied.

Restatement (Second) of Conflict of Laws § 6 (1971). As an aid to making the proper determination of the above factors, § 188 of the restatement lists the most important factors to be considered in making a conflict of laws decision in a contract case:

(a) the place of contracting,

(b) the place of negotiation of the contract,

(c) the place of performance,

(d) the location of the subject matter of the contract, and

(e) the domicile, residence, nationality, place of incorporation and place of business of the parties.

Restatement (Second) of Conflict of Laws § 188 (1971). It is important to note that the inquiry is not one of counting contacts, but is a question of the relative significance of the listed factors in relation to the issues presented by the case. *See* Ibrahim J. Wani, *Choice of Law Theory in the Courts: A Missouri Case Study*, 32 St. Louis U.L.J. 355, 377 (1987).

Where a contract is one for fire, surety or casualty insurance, the presumptive rule is that the jurisdiction where the insured risk is situated has the most significant relationship to the contract and to the parties. Restatement (Second) of Conflict of laws § 193 (1971). However, that presumptive rule holds only so long as, with respect to a specific issue, another jurisdiction does not have a more significant relationship. Thus, it is recognized that, with respect to the details of performance under a contract, the jurisdiction in which the performance is to take place has the greatest interest in those issues. Restatement (Second) of Conflict of laws § 206 (1971). The details of performance must be distinguished from the question of substantive rights to performance under a contract. Were the failure of performance because of a dispute over whether or not performance was due under the contract, the Court would rely on the presumptive rule and apply the law of Texas where the insured risk is situated. But the Court perceives no such dispute. The failure of performance, where there is no dispute as to Plaintiff's right to performance, must be viewed as a detail of performance controlled by the jurisdiction where performance was to have taken place.

Counts II, III, IV, VII, and VIII of the complaint all concern the failure of American National to perform its promise under the insurance contract loss payee clause. Performance of the promise to pay was to have taken place in the state of Kansas at Master Mortgage's place of business. It is the jurisdiction where the performance under the contract is to take place that has

the most significant relationship to the subject matter of those particular claims and so it is the substantive law of Kansas that must be applied to Counts II, III, IV, VII, and VIII.

As to those counts where the duties arguably owed by American National to Master Mortgage do not flow strictly from the insurance contract, those counts are more amenable to analysis under Restatement rules applicable to torts. In addition to the general conflict of laws considerations listed in § 6, the restatement lists particular considerations applicable to tort actions:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145 (1971). But no jurisdiction bears a particularly significant relationship to the tort causes of action under the above factors. The claimed injury is financial in nature and not closely tied to a specific location; the claimed offensive conduct occurred in both Texas and Ohio; the domiciles of the various parties are not particularly significant to the issues presented; nor can there be said to be any significant relationship between Master Mortgage and American National. Therefore, the Court does not find the § 145 factors helpful in analyzing the § 6 general principles.

■ Of the § 6 principles, the Court finds the principles of predictability and ease of application to be the most persuasive. The fact is that the substantive law on these common law causes of action is unlikely to vary significantly from jurisdiction to jurisdiction. The Court will apply Kansas substantive law to the tort causes of action because that is the substantive law being applied to the other causes of action in the suit. The tort actions lack any strong nexus with a particular jurisdiction and policies of the various jurisdictions with regard to these causes of action are indistinguishable. Since the Court lacks

any strong factors dictating the choice of one jurisdiction's substantive law over another's, it is most logical to apply the substantive law of the same jurisdiction that is being applied to the other counts in the lawsuit. That jurisdiction is Kansas, thus the Court will apply Kansas law to Counts V and VI.

*Summary Judgment on the Merits*

■ Perhaps because American National did not contemplate application of the substantive law of any jurisdiction other than Texas, it did not endeavor to argue the law of any other jurisdiction as applied to the merits of Master Mortgage's causes of action. Lacking any argument as to the application of Kansas law to the merits of the case, the Court will not consider American National's arguments for summary judgement on the merits of Counts II, III, IV, V, VI, VII, and VIII.

As to Count IX, the Court will grant American National's motion for summary judgment on this count. The count is for unfair claims settlement practices and appears to be a cause of action grounded in statute. American National has asserted that the cause of action is grounded in the Texas Insurance Code as indeed it appears to be. Master Mortgage has not enlightened the court as to the statute under which it expects to proceed on this count. The Court, therefore, agrees with American National that Master Mortgage has failed to state a claim for which relief may be granted as to Count IX.

## CONCLUSION

The Court finds that as a federal court sitting in the state of Missouri, this Court must apply the Missouri statute of limitations to Master Mortgage's causes of action. Application of the Missouri borrowing statute denies Master Mortgage a forum in Missouri if its causes of action are time barred in the jurisdiction where same accrued. The Court finds that the causes of action accrued in Kansas, the place where payment under the terms of the loss payable clause was to take place. Since Kansas has a saving statute which allows

refiling of a case within six months of taking a voluntary dismissal, and Master Mortgage refiled its case in this Court on the same day that it voluntarily dismissed in Texas, its causes of action are saved by the Kansas saving statute and are not time barred in this Court.

As to American National's arguments on the merits of Master Mortgage's claims, the Court finds that it must apply the substantive law of Kansas to Counts II through VIII. American National's summary judgment motion does not apply Kansas law to the merits of those counts, thus the Court will not address those arguments. As to Count IX, however, Plaintiff has apparently pleaded a cause of action grounded in statutory law but has not named a statute under which relief may be granted.

Accordingly, American National's motion for partial summary judgment on Counts II, III, IV, V, VI, VII, and VIII is DENIED and American National's motion for partial summary judgment on Count IX is GRANTED.

The foregoing Memorandum Opinion constitutes Findings of Fact and Conclusions of Law as required under Rule 7052, Rules of Bankruptcy.

SO ORDERED.