Julie A. HOELLERING, Plaintiff,

v.

NORDYNE, INC., Defendant.

No. 00–4146–CV–C–9.

United States District Court, W.D. Missouri, Central Division.

July 12, 2001.

**260**

Shelley M. Roither, Geoffrey M. Gilbert, Robert D. Younger, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for defendant.

### ORDER

LAUGHREY, District Judge.

Pending before the Court is Defendant's Motion for Leave to File First Amended Answer (Doc. # 44). For the reasons discussed below, the Defendant's Motion will be granted.

### I. Governing Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides in relevant part, that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The case law makes clear that Rule 15(a) applies to the filing of amended answers. *See McIndoo v. Burnett,* 494 F.2d 1311, 1313 (8th Cir.1974); *Groninger v. Davison,* 364 F.2d 638, 640 (8th Cir.1966). A court may deny a motion to amend when the moving party "is guilty of undue delay, bad faith, dilatory motive, or if permission to amend would unduly prejudice the opposing party." *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 224 (8th Cir.1994).

### II. Relevant Case History

The Court originally entered a Scheduling and Jury Trial Order on December 5, 2000. The Court set a deadline of February 1, 2001, for the filing of motions to amend the pleadings. That Order was amended on April 27, 2001; however, the deadline for filing a motion to amend the pleadings was not extended. On June 15, 2001, Nordyne filed a Motion to Amend Defendant's Answer to Add an Additional Defense. No response to the Motion was filed.

### III. Discussion

In its Motion, Nordyne seeks to amend their original answer by asserting an additional defense. In Hoellering's Complaint, she alleges that she was terminated in retaliation for her complaints of sexual harassment. In response, Nordyne asserts that she was terminated because she violated the company's attendance policy, a legitimate non-discriminatory reason.

During discovery, evidence was adduced which indicated that in September 1999, after Hoellering had been disciplined twice for her attendance, she advised Nordyne that her attendance was poor because she was suffering from panic/anxiety attacks resulting from the alleged harassment. Hoellering also indicated that she was seeing a physician for this condition. In response, Nordyne requested that Hoellering obtain documentation from her physician to verify which instances of arriving late, leaving early, or absence from work were a result of medical treatment.

On September 29, 1999, Hoellering presented Nordyne with a note from her physician, Dr. Susan Burkhart, indicating that she "was seen in our office: 7/9, 7/13, 7/27, 7/28, 8/11, 8/25 and 26, 9/28, patient being followed for anxiety with panic attacks secondary to sexual harassment at work." Hoellering also presented a note dated August 26, 1999, from the Moniteau County Counseling Center which stated, "Please be advised that Julie Jarr had an appointment with Mike Rice at the Moniteau County Counseling Center this date."

Nordyne received the records of Dr. Burkhart and Mike Rice on June 8, 2001. Their depositions were taken on June 13, 2001. During the deposition of Dr. Burkhart, Nordyne learned for the first time that contrary to the note that Hoellering had presented to the company, she was not seen by Dr. Burkhart or her office on July 27, July 28 or August 26. Moreover, her visit on July 13

did not relate to anxiety/panic attacks as stated; instead, it was for a "well woman exam."

During the deposition with Mike Rice, licensed counselor, Nordyne first learned that Hoellering traveled to the Moniteau County Counseling Center on August 26, 1999, and requested that the secretary, Dani Fewins, provide her with a note to be presented to her employer indicating that she was at the counseling center so that she would "not get in trouble at work." She did not have an appointment with Mike Rice on that date.

Based on this evidence adduced during discovery, Nordyne contends that Hoellering knowingly and intentionally presented it with false doctors' notes in an effort to deceive it into not considering a number of her absences which would have resulted in her termination due to poor attendance. Nordyne asserts that the evidence it recently learned constitutes after-acquired evidence which, if known, would have constituted grounds for terminating Hoellering.

Thus, Nordyne seeks leave of Court to add by interlineation the defense of after-acquired evidence. Specifically, if Hoellering establishes that her termination was retaliatory, Nordyne wants to be able to present evidence that it discovered one or more than one legitimate, non-discriminatory reasons justifying her termination after October 1999.

The Court finds that the Defendant has demonstrated good cause that warrants granting the Motion. Although the Motion to Amend was filed four months past the deadline set out in the Scheduling Order, Nordyne did file the Motion immediately after discovering the evidence supporting the amendment. It appears as if discovery on this issue has already occurred; therefore, an amendment at this time would not completely disrupt the trial date and would not result in reopening discovery. Because the additional defense that Nordyne wishes to include could not have reasonably been added prior to the deadline contained in the Scheduling Order, and because Nordyne acted promptly after discovering the evidence, the Court will grant Nordyne leave to amend its answer.

The Court has also taken into account that Hoellering did not file a response to Nordyne's Motion to Amend the Answer. Thus, Hoellering has not demonstrated how she would be burdened and prejudiced if Nordyne was permitted to amend its answer at this late date. Because Nordyne has presented the Court with exceptional circumstances that would warrant an extension of the Scheduling Order deadline, its Motion will be granted.

## IV. Conclusion

Accordingly, it is hereby

ORDERED that Defendant's Motion for Leave to File First Amended Answer (Doc. 44) is GRANTED. The Defendant shall have ten (10) days from the Date of this Order to file its Amended Answer.