IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 1, 2024 Session

**FABIAN CLAXTON v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 07-06442          Chris Craft, Judge**
_____

**No. W2023-01324-CCA-R3-PC**
_____

Petitioner, Fabian Claxton, appeals the Shelby County Criminal Court's denial of his petition for post-conviction relief. After a full review of the record, briefs and oral arguments of the parties, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and MATTHEW J. WILSON, JJ., joined.

Terrell Tooten, Memphis, Tennessee, for the appellant, Fabian Claxton.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Steven J. Mulroy, District Attorney General; and Karen Cook and Jose Leon, Assistant District Attorneys General, for the appellee, State of Tennessee.

**OPINION**

Over seventeen years ago, Petitioner fired two pistols at a basketball court at Riverview Community Center in Memphis, injuring three teenagers. *State v. Claxton*, No. W2009-01679-CCA-R3-CD, 2011 WL 807459, at *1 (Tenn. Crim. App. Mar. 7, 2011), *no perm. app. filed*. Several other teenagers and children were on the basketball court but were not injured. *Id.* A Shelby County jury convicted Petitioner of four counts of attempted first degree murder and one count of unlawful possession of a handgun in a public place. *Id.* On April 24, 2009, the trial court sentenced Petitioner to an effective eighty-eight-year sentence. *Id.* This Court affirmed Petitioner's convictions on direct appeal. *Id.*

Petitioner timely filed a pro se petition for post-conviction relief, alleging ineffective assistance of counsel. Petitioner was appointed counsel, who filed an amended petition. After what the post-conviction court termed "much disagreement between the petitioner and his appointed attorney," counsel withdrew and Petitioner was appointed new counsel, who filed a second amended petition. Additionally, while his post-conviction petition was pending, Petitioner filed a Petition for Writ of Error Coram Nobis, which was heard and denied by the trial court and affirmed on appeal to this court. *Claxton v. State*, W2018-00618-CCA-R3-ECN, 2019 WL1254840, at *1 (Tenn. Crim. App. Mar. 18, 2019), *perm. app. denied* (Tenn. Jul. 19, 2019).

Eleven years after the initial pro-se petition was filed, an evidentiary hearing was held on February 10, 2023, at which Petitioner was the sole witness. Petitioner's trial counsel had passed away by this point. The post-conviction court entered a thorough written order denying relief on all the claims Petitioner raised. Petitioner appeals.

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. A petitioner must prove his factual allegations by clear and convincing evidence. *See id.* § 40-30-110(f). "Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *State v. Holder*, 15 S.W.3d 905, 911 (Tenn. Crim. App. 1999) (quoting *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 869, 901 n.3 (Tenn. 1992)). Issues as to the credibility of witnesses, the weight and value to be afforded their testimony, and the factual questions raised by the evidence adduced at the post-conviction hearing are to be resolved by the post-conviction court as the trier of fact. *Henley v. State*, 960 S.W.2d 572, 579 (Tenn. 1997). The post-conviction court's findings of fact "are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence in the record preponderates against those findings." *Id.* at 578.

Petitioner first argues that trial counsel performed ineffectively because trial counsel "improperly informed [Petitioner] what his options were prior to trial." This ground is waived because Petitioner raises it for the first time on appeal. *See State v. Leath*, 461 S.W.3d 73, 108 (Tenn. Crim. App. 2013) (citing Tenn. R. App. P. 3(e), 36).

Petitioner next argues that his statement should have been suppressed because it was coerced. While the organization of Petitioner's appellate brief makes it unclear whether he raises this issue under ineffective assistance of counsel or as a standalone claim, the appellate brief analyzes the issue only as a standalone claim. Counsel for Petitioner stated at oral argument that his claim is both standalone and one of ineffective assistance.

However, Petitioner makes no argument that trial counsel performed deficiently or that counsel's deficient performance prejudiced the defense. This claim is waived in either instance: if a standalone claim, because it could have been raised on direct appeal, and if an ineffective assistance claim, because Petitioner makes no argument as to ineffective assistance on this point. *See* T.C.A. § 40-30-106(g) ("A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented."); Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument . . . will be treated as waived in this [C]ourt.").

Petitioner also argues that he was forced to testify against himself when he was made to wear a bandana and hold a gun during trial. Again, Petitioner seems to raise this issue as a standalone claim. This standalone claim is waived because it could have been raised on direct appeal. *See* T.C.A. § 40-35-106(g). If this is a claim of ineffective assistance, it is waived because Petitioner makes no argument as to deficiency or prejudice. *See* Tenn. Ct. Crim. App. R. 10(b).

Petitioner argues that trial counsel "failed to properly impeach Jeremy Gray," who was one of the State's key witnesses at trial. Though this seems to be an allegation that trial counsel was ineffective in this regard, Petitioner makes inadequate argument that trial counsel was deficient or that Petitioner was prejudiced. He complains only that the jury should have heard about the witness' involvement in other criminal activity (even though this witness was impeached at trial with other juvenile adjudications). This claim is waived for inadequate argument. *See* Tenn. Ct. Crim. App. R. 10(b).

Petitioner finally argues that the "totality of the impact" (cumulative error) of counsel's errors deprived him of the effective assistance of counsel and of due process. However, Petitioner does not address or argue the cumulative error doctrine. This claim is waived. *See* Tenn. Ct. Crim. App. 10(b). In any event, we have found no single properly preserved error, much less multiple. Petitioner is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the post-conviction court.

_____
TIMOTHY L. EASTER, JUDGE